■ Equitable Life Assurance Society of the United States, Respondent, v Nico Construction Co., Inc., Defen-

dant and Third-Party Plaintiff, et al., Defendants. NORBERTO & SONS, INC., Third-Party Defendant-Appellant. [652 NYS2d 269] —Order, Supreme Court, New York County (Charles Ramos, J.), entered October 10, 1995, which, *inter alia*, denied third-party defendant subcontractor's cross motion for summary judgment dismissing plaintiff owner's claims against defendant and third-party plaintiff general contractor, unanimously affirmed, with costs and disbursements.

The third-party defendant subcontractor moved for summary judgment dismissing the complaint on the ground that, pursuant to the contract between plaintiff, the owner of the premises under construction, and the general contractor, plaintiff was required to maintain insurance against the negligence of the general contractor and its subcontractors. The contract between plaintiff and the general contractor did no such thing. Section 11.2.1of that contract merely required the owner to maintain all risk insurance to protect its property, including property on which the contractor had already performed work pursuant to the contract, from chance perils. The same contract provision required the contractor to maintain identical insurance for its property, such as equipment and tools not part of the finished work. The all-risk policies procured by plaintiff pursuant to this contract provision expressly excluded the cost of making good defective design and construction, the very losses that are the subject of this lawsuit. An all-risk policy essentially covers fortuitous events and excludes risks that are expressly excepted from coverage. (*See, Essex House v St. Paul Fire & Mar. Ins. Co.*, 404 F Supp 978, 987.)

Finally, even if section 11.2.1 were construed, as argued, to provide the type of protection to the general contractor, the subcontractor third-party defendant, neither a party to that contract nor a third-party beneficiary thereof, lacks standing to enforce any rights thereunder. Concur—Sullivan, J. P., Milonas, Rosenberger, Nardelli and Mazzarelli, JJ.