■ Ess & Vee Acoustical & Lathing Contractors, Inc., Appellant, v Prato Verde, Inc., et al., Respondents. [702 NYS2d 38] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered January 25, 1999, dismissing the complaint and bringing up for review an order, same court and Justice, entered December 4, 1998, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint, and discharged defendant Prato Verde's bond, unanimously reversed, on the law, without costs, the motion denied in its entirety, and the complaint and undertaking reinstated. Appeal from said order unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

The motion court erred in granting summary judgment since there exist many issues of fact which preclude summary judgment. "Waiver is an intentional relinquishment of a known right and should not be lightly presumed" (*Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968). The intent to waive "must be unmistakably manifested, and is not to be inferred from a doubtful or equivocal act" (*Orange Steel Erectors v Newburgh Steel Prods.*, 225 AD2d 1010, 1012). Here, 12 release documents were executed by plaintiff. By their terms, the documents indicated that the payments plaintiff received were for sums "presently due and owing". The language of the documents does not eliminate the possibility that plaintiff could have submitted invoices for prior work, as long as the work was not duplicative of that for which payment had already been tendered. Nothing in the record indicates whether the underlying payments were only for work completed since the prior release had been executed, or whether some of the invoices submitted were for work completed before the previous release. Indeed, defendants have failed to demonstrate a clear manifestation of plaintiff's intent to relinquish its right to payment for work actually performed. Concur—Williams, J. P., Ellerin, Lerner, Rubin and Saxe, JJ.