In re David FISCHER, Debtor.

David Fischer, Appellant,

Robert Musso, Trustee–Appellant,

v.

Crown Heights Jewish Community Council, Inc., Claimant–Appellee.

Docket Nos. 01–5063, 01–5083, 01–5073, 01–5081.

United States Court of Appeals, Second Circuit.

Jan. 25, 2002.

Eli Feit, Heller, Horowitz & Feit, P.C.; Issac Nutovic, Nutovic & Assoc., New York, NY, for debtor-appellant.

Bruce Weiner, Rosenburg, Musso & Weiner LLP, Brooklyn, NY, for trustee-appellant.

Peretz Bronstein, Bronstein, Gewirtz & Grossman, Edward N. Gewirtz, on the brief, New York, NY, for claimant-appellee.

Present SACK, B.D. PARKER, and B. FLETCHER,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeals be and they hereby are DISMISSED.

The debtor, Robert Fischer, and the trustee of the debtor's bankruptcy estate, Robert Musso, appeal from three decisions of the district court relating to an asserted interest by the claimant, Crown Heights Jewish Community Council, Inc. (the "Council"), in real property located at 570–600 Crown Street, Brooklyn, N.Y. (the "property").

On May 6, 1998, an order for relief against the debtor was entered under Chapter 7 of the Bankruptcy Code. Shortly thereafter, the trustee brought proceedings against the debtor concerning the property. On May 9, 2000, the trustee and the debtor, among others, entered into a settlement agreement that provided for the transfer of the property to the bankruptcy estate.

The settlement agreement provided that it would not be effective until three days after the bankruptcy court issued an order expunging claims brought by the Council against the bankruptcy estate. These claims assert an interest in the property based on alleged duties that the debtor owed the Council when the debtor acquired the property in the 1980's. On March 2, 2001, the bankruptcy court entered summary judgment against the Council and issued an order expunging its claims (the "expungement order"). The bankruptcy court then approved the settlement agreement, and shortly thereafter the property was transferred to the trustee. On August 9, 2001, the bankruptcy court issued an order (the "sale order") approving sale of the property by the trustee to a buyer at auction.

The sale order indicated that it was not to be entered until the earlier of (1) the district court's denial of the Council's request for a stay of the sale pending appeal or (2) August 22, 2001. Nonetheless, the clerk of the bankruptcy court entered the sale order on August 13, 2001, before either of the conditions had occurred. Indeed, the first condition never occurred, as the district court granted the Council's motion for a stay on August 17, 2001.

On August 21, 2001, the district court reversed the bankruptcy court's summary judgment against the Council and ordered reinstatement of the Council's claims to the property. The debtor's and trustee's appeal from this decision (the "expungement order appeal") is the first of the consolidated appeals now before this Court.

On October 5, 2001, the district court convened a hearing regarding possible efforts by the trustee to sell the property. At that hearing, the district court held that

* Of the United States Court of Appeals for the    Ninth Circuit, sitting by designation.

the sale order was no longer in effect because it was issued on the assumption that the Council's claims had been expunged, and that assumption was rendered inaccurate by the district court's reinstatement of those claims. The district court then issued an order (the "restraining order") preventing the trustee from taking steps to consummate the sale of the property during the pendency of the expungement order appeal before this Court. The trustee's appeal from that order (the "restraining order appeal") is the second of the consolidated appeals now before this Court.

On December 4, 2001, the district court convened a hearing on the Council's appeal from the sale order. At that hearing, the district court held that the entry of the sale order by the clerk of the bankruptcy court on August 13, 2001 was improvident because the Council's appeal from the expungement order divested the bankruptcy court of jurisdiction in this matter. The district court then entered an order (the "vacatur order") vacating the entry of the sale order by the bankruptcy court clerk without prejudice to its re-entry upon this Court's disposal of the expungement order appeal. The trustee's appeal from that order (the "vacatur order appeal") is the third of the consolidated appeals now before this Court.

We first consider our jurisdiction to hear the expungement order appeal. In the bankruptcy context, we have jurisdiction over appeals from the district court's "final" orders, which we have held include only those orders that do not remand the case for "significant further proceedings" in the bankruptcy court. *In re Pegasus Agency, Inc.*, 101 F.3d 882, 885 (2d Cir.1996) (quoting *In re Prudential*

*Lines, Inc.*, 59 F.3d 327, 331 (2d Cir. 1995)). The effect of the district court's order reversing the bankruptcy court's grant of summary judgment to the trustee was to remand the matter for a trial on the Council's claims. Thus, the district court's order was not final, and we lack jurisdiction to hear an appeal from it unless an exception applies.

The debtor and the trustee argue that we have pendent jurisdiction over the expungement order appeal because another appeal from a final order of the district court regarding the claims against the bankruptcy estate of Chevra Machziket Haschuna, Inc. ("CMH"), an entity controlled by the Council, is pending before another panel of this Court. We reject this assertion. CMH's claims involve different properties, facts, and time periods, and thus the outcome on the merits of the Council's claims would not be foreordained by our disposition of CMH's appeal. *See In re Sanshoe Worldwide Corp.*, 993 F.2d 300, 304 (2d Cir.1993).

The debtor and the trustee also argue that we should find jurisdiction under an exception to the rule of finality recognized by the Ninth Circuit in *In re Bonner Mall P'ship*, 2 F.3d 899 (9th Cir.1993). That exception provides for jurisdiction in the court of appeals over matters remanded by the district court if the central issue is legal and resolution of that issue would dispose of the case or materially aid the bankruptcy court on remand. *Id.* at 904. The exception applies even though the district court has remanded for fact-finding if the disposition of the legal issue could obviate the need for fact-finding. *Id.* However, we have never adopted the *Bonner* approach, and this appeal would be an inappropriate one in which to do so.**

---

** We also reject the argument that the *Bonner* rule was endorsed by the Supreme Court on

the appeal from that case. The Supreme Court dismissed the appeal as moot and did

The purpose of the *Bonner* rule is to save judicial resources by answering in an interlocutory fashion a dispositive question of law. Applying the rule here would not necessarily secure this benefit because deciding the issue of law before us, whether the district court was correct in holding that there is no "genuine issue of material fact," Fed.R.Civ.P. 56(c), would require us to engage in a full review of the record below. If we agree with the district court, the case will be tried, and we may well be required to hear the same issues again, next time on a complete trial record. A saving of judicial resources is less than likely.

We thus dismiss the expungement order appeal for want of appellate jurisdiction.

■ We next turn to the restraining order appeal. By its own terms, the restraining order is in effect only during the pendency of the expungement order appeal, which is now dismissed. Because the restraining order has now dissolved, the trustee has the relief it requests in its appeal from the restraining order. That appeal is therefore dismissed as moot.

■ Finally, we address the vacatur order appeal. As indicated above, the district court held during the restraining order hearing that its reinstatement of the Council's claims invalidated the sale order. Because we have dismissed the restraining order appeal without reaching its merits, the district court's holding is the law of the case and binding on future proceedings in the bankruptcy and district courts. *See In re PCH Assoc.*, 949 F.2d 585, 593 (2d Cir.1991) (issue decided by district court and not reached by this Court on appeal becomes law of the case and binding in subsequent proceedings between the parties in the district and bankruptcy courts).

Thus, a reversal by this Court of the vacatur order would have no effect because the bankruptcy court will be compelled to treat the sale order as invalid whether or not the vacatur order is sustained on appeal. An order that has been held invalid is no more effective entered than not entered. For this reason, we dismiss the vacatur order appeal as moot.

Having considered the parties' arguments, we DISMISS the appeals of the debtor and the trustee.

not reach the question of the Ninth Circuit's jurisdiction. *U.S. Bancorp Mortgage Co. v.*

*Bonner Mall P'Ship*, 513 U.S. 18, 29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994).