In re: David FISCHER Debtor.

David Fischer, Appellant,

Robert Musso, Trustee–Appellant,

v.

Crown Heights Jewish Community Council, Inc., Claimant–Appellee.

Nos. 01–5063, 01–5073, 01–5081, 01–5083.

United States Court of Appeals, Second Circuit.

April 14, 2002.

Eli Feit, Heller, Horowitz & Feit, P.C., New York, NY; Issac Nutovic, Nutovic & Assoc., New York, NY., for Debtor–Appellant.

Bruce Weiner, Rosenburg, Musso & Weiner LLP, Brooklyn, NY., for Trustee–Appellant.

Peretz Bronstein, Bronstein, Gewirtz & Grossman (Edward N. Gewirtz, on the brief), New York, NY., for Claimant–Appellee.

Present: SACK, B.D. PARKER, and Betty B. FLETCHER,* Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York on the 14th day of April, two thousand and two.

On January 25, 2002, we issued a summary order dismissing these consolidated appeals for want of appellate jurisdiction. *In re Fischer,* 31 Fed.Appx. 4, 2002 WL 109319, 2002 U.S.App. LEXIS 1471 (2d Cir. Jan. 25, 2002). On February 6, 2002, the trustee of the bankruptcy estate, Robert Musso, filed a petition for rehearing. We then invited and received answering briefing from the debtor, Robert Fischer, and the claimant, Crown Heights Jewish Community Council, Inc. (the "Council"). Upon review of the submissions of the parties, we hereby GRANT the petition for rehearing and issue this summary order superseding in its entirety the order and disposition of January 25.

\* \* \* \* \* \*

The debtor and the trustee appeal from three decisions of the district court relating to an asserted interest of the Council in real property located at 570–600 Crown Street, Brooklyn, N.Y. (the "property").

On May 6, 1998, an order for relief against the debtor was entered under Chapter 7 of the Bankruptcy Code. Shortly thereafter, the trustee brought proceedings against the debtor concerning the property. On May 9, 2000, the trustee and the debtor, among others, entered into a settlement agreement that provided for the transfer of the property to the bankruptcy estate.

The settlement agreement provided that it would not be effective until three days after the bankruptcy court issued an order expunging claims brought by the Council against the bankruptcy estate. These claims assert an interest in the property based on alleged duties that the debtor owed the Council when the debtor acquired the property in the 1980's. On

* Of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

March 2, 2001, the bankruptcy court entered summary judgment against the Council and issued an order expunging its claims (the "expungement order"). The bankruptcy court then approved the settlement agreement, and shortly thereafter the property was transferred to the trustee. On August 9, 2001, the bankruptcy court issued an order (the "sale order") approving sale of the property by the trustee to a buyer at auction.

The sale order indicated that it was not to be entered until the earlier of (1) the district court's denial of the Council's request for a stay of the sale pending appeal, and (2) August 22, 2001. Nonetheless, the clerk of the bankruptcy court entered the sale order on August 13, 2001, even though the district court never denied the Council's request for a stay, and indeed granted it on August 17, 2001.

On August 21, 2001, the district court reversed the bankruptcy court's summary judgment against the Council and ordered the reinstatement of the Council's claims to the property. The debtor's and trustee's appeal from this decision (the "expungement order appeal") is the first of the consolidated appeals now before this Court.

On October 5, 2001, the district court convened a hearing regarding possible efforts by the trustee to sell the property. At that hearing, the district court held that the sale order was no longer in effect because it was issued on the assumption that the Council's claims had been expunged, and that assumption was rendered inaccurate by the district court's reinstatement of those claims. The district court then issued an order (the "restraining order") preventing the trustee from taking steps to consummate the sale of the property during the pendency of the expungement order appeal before this Court. The trustee's appeal from that order (the "restraining order appeal") is the second of the consolidated appeals now before this Court.

On December 4, 2001, the district court convened a hearing on the Council's appeal from the sale order. At that hearing, the district court held that the entry of the sale order by the clerk of the bankruptcy court on August 13, 2001, was improvident because the Council's appeal from the expungement order divested the bankruptcy court of jurisdiction in this matter. The district court then entered an order (the "vacatur order") vacating the entry of the sale order by the bankruptcy court clerk without prejudice to its re-entry upon this Court's disposal of the expungement order appeal. The trustee's appeal from that order (the "vacatur order appeal") is the third of the consolidated appeals now before this Court.

On January 25, 2002, we issued a summary order dismissing the consolidated appeals for want of appellate jurisdiction. On February 12, 2002, the trustee filed a brief in support of a petition for rehearing. After reviewing the trustee's brief, as well as briefs submitted by the Council and the debtor, we today grant the petition for rehearing, and issue this summary order superseding the order and disposition of January 25.

■ We first consider our jurisdiction to hear the expungement order appeal. In the bankruptcy context, we have jurisdiction over appeals from the district court's "final" orders, which we have held include only those orders that do not remand the case for "significant further proceedings" in the bankruptcy court. *In re Pegasus Agency, Inc.*, 101 F.3d 882, 885 (2d Cir.1996) (quoting *In re Prudential Lines, Inc.*, 59 F.3d 327, 331 (2d Cir. 1995)). The effect of the district court's order reversing the bankruptcy court's

grant of summary judgment to the trustee was to remand the matter for a trial on the Council's claims. Thus, the district court's order was not final, and we lack jurisdiction to hear an appeal from it unless an exception applies.

■ The debtor and the trustee argue that we have pendent jurisdiction over the expungement order appeal because another appeal from a final order of the district court regarding the claims against the bankruptcy estate of Chevra Machziket Haschuna, Inc. ("CMH"), an entity controlled by the Council, is pending before another panel of this Court. We reject this assertion. CMH's claims involve different properties, facts, and time periods, and thus the outcome on the merits of the Council's claims would not be foreordained by our disposition of CMH's appeal. *See In re Sanshoe Worldwide Corp.,* 993 F.2d 300, 304 (2d Cir.1993).

The debtor and the trustee also argue that we should find jurisdiction under an exception to the rule of finality recognized by the Ninth Circuit in *In re Bonner Mall P'ship,* 2 F.3d 899 (9th Cir.1993). That exception provides for jurisdiction in the court of appeals over matters remanded by the district court if the central issue is legal and resolution of that issue would dispose of the case or materially aid the bankruptcy court on remand. *Id.* at 904. The exception applies even though the district court has remanded for fact-finding if the disposition of the legal issue could obviate the need for fact-finding. *Id.* However, we have never adopted the *Bonner* approach, and this appeal would be an inappropriate one in which to do so.[1] The purpose of the *Bonner* rule is to save judicial resources by answering in an in-

terlocutory fashion a dispositive question of law. Applying the rule here would not necessarily secure this benefit because deciding the issue of law before us, whether the district court was correct in holding that there is no "genuine issue of material fact," Fed.R.Civ.P. 56(c), would require us to engage in a full review of the record below. If we agree with the district court, the case will be tried, and we may well be required to hear the same issues again, next time on a complete trial record. A saving of judicial resources is less than likely.

We thus dismiss the expungement order appeal for want of appellate jurisdiction.

■ We next consider our jurisdiction to hear the restraining order appeal. By its own terms, the restraining order is in effect only during the pendency of the expungement order appeal, which is now dismissed. This raises the possibility that the restraining order appeal is moot and we lack jurisdiction to hear it. However, as indicated above, the district court held during the restraining order hearing that its reinstatement of the Council's claims invalidated the sale order. Were we to dismiss the restraining order appeal without reaching its merits, the district court's holding would be the law of the case and binding on future proceedings in the bankruptcy and district courts. *See In re PCH Assoc.,* 949 F.2d 585, 593 (2d Cir.1991) (issue decided by district court and not reached by this Court on appeal becomes law of the case and binding in subsequent proceedings between the parties in the district and bankruptcy courts). Thus, although the restraining order has dissolved, the trustee has not received the "essential relief" he seeks because the sale of the

---

1. We also reject the argument that the *Bonner* rule was endorsed by the Supreme Court on the appeal from that case. The Supreme Court dismissed the appeal as moot and did not reach the question of the Ninth Circuit's jurisdiction. *U.S. Bancorp Mortgage Co. v. Bonner Mall P'Ship,* 513 U.S. 18, 29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994).

property remains blocked by the district court's holding. *In re Boodrow,* 126 F.3d 43, 47 (2d Cir.1997). The restraining order appeal is thus not moot. *Id.* [2]

In issuing the restraining order, the district court observed that the sale order was issued pursuant to the settlement agreement, which indicates that it is effective only after the Council's claims are expunged. Thus, the district court reasoned, its reinstatement of the Council's claims rendered the settlement agreement ineffective *ab initio* and the sale order invalid. But the Council, which sought the restraining order, is neither a party to the settlement agreement nor a third party beneficiary, and thus has no standing to seek to enforce its terms. *See Equitable Life Assur. Soc. v. Nico Const. Co.,* 235 A.D.2d 222, 223, 652 N.Y.S.2d 269, 270 (1st Dep't 1997). By contrast, the debtor, who is a party to the settlement agreement, and for whose protection the expungement provision was included in the settlement agreement, wishes the sale to proceed. We therefore vacate the district court's decision to issue the restraining order. We do not reach the Council's alternative arguments for staying the sale of the property; in future proceedings the bankruptcy court may consider the procedural availability and merits of any such arguments the Council presents.

 Finally, the district court issued the vacatur order because it concluded that the bankruptcy court lacked jurisdiction over this matter once the Council appealed from the expungement order. We hold otherwise. In entering the sale order, the bankruptcy court was only enforcing its judgment and was not expanding upon or altering it. Such action to enforce a judgment that had not been stayed on appeal was within its jurisdiction. *See American Town Center v. Hall 83 Assoc.,* 912 F.2d 104, 110–11 (6th Cir.1990) (noting "the crucial distinction between *expansion* and *enforcement* of judgments," and holding that appeal does not deprive a court of the power to do the latter) (emphasis in original). Also, the apparent clerical error in the early filing of the sale order did not justify vacatur. The Council should have moved under Federal Rule of Civil Procedure 60 to have the error corrected by the bankruptcy court itself. In failing to bring the error to the bankruptcy court's attention, the Council procedurally defaulted the claim on appeal. *See S.E.C. v. Mayhew,* 121 F.3d 44, 54 (2d Cir.1997) ("[T]he best place to correct error in the first instance is in the trial court where, for the reasons of economy and sound judicial administration, the principal focus of the litigation should be.") We thus vacate the vacatur order and hold that the entry of the sale order by the bankruptcy court clerk remains effective.

For the reasons stated herein, the expungement order appeal is DISMISSED, and the restraining order and vacatur order are VACATED.

---

2. We reject the Council's argument that the principle of equitable mootness applies to this appeal because we detect no lack of diligence by the trustee in the protection of his interests. *See In re Chateaugay Corp.,* 988 F.2d 322, 325 (2d Cir.1993)