■ AVON ELECTRICAL SUPPLIES, INC., Respondent, v C.K. ELECTRIC, INC., Defendant, and C. RAIMONDO & SONS CONSTRUCTION CO., INC., et al., Appellants. (Action No. 1.) SCHWING ELECTRICAL SUPPLY CORP., Respondent, v W.K.T. ASSOCIATES, INC., et al., Appellants. (Action No. 2.) [747 NYS2d 575]

W.K.T. Associates, Inc. (hereinafter WKT), is a property owner which undertook to build an "Edward's Super Foodstore" on its property in New Hyde Park. To perform the

construction, WKT engaged general contractor C. Raimondo & Sons Construction Co., Inc. (hereinafter Raimondo), a defendant in Action Nos. 1 and 2. Raimondo, in turn, subcontracted with JTC Electric Service (hereinafter JTC). JTC purchased electrical materials from Avon Electrical Supplies (hereinafter Avon), the plaintiff in Action No. 1, and Schwing Electrical Supply Corp. (hereinafter Schwing), the plaintiff in Action No. 2, for which JTC did not pay.

Under its contract with WKT, Raimondo was obligated to have the foodstore ready to open on June 3, 1998, or be liable for liquidated damages. Notwithstanding that it was behind schedule and that Raimondo had warned it to complete the electrical installation by May 22, 1998, JTC cut its staff of electricians on the site from 14 to two on or about May 18, 1998. As the contract between Raimondo and JTC authorized, Raimondo discharged JTC and hired B&G Electrical Contractors of New York (hereinafter B&G) to complete the work. In June 1998 a municipal electrical inspection cited the supermarket for numerous deficiencies in its electrical installations. On June 18, 1998, Raimondo's own electrical consultant verified that the entire electrical job had been shoddily performed and would essentially have to be redone.

At the time of JTC's discharge on May 21, 1998, Raimondo had paid it $771,751.04 out of a total contract price of $894,017.45. This left Raimondo with a fund of only $122,266.41 to repair and complete JTC's work. By June 2, 1998, Raimondo had paid B&G $388,740.67 in electrical repair and completion costs, and by the conclusion of the job in September 1998, Raimondo had paid B&G a total of $618,700.67. JTC has defaulted in the underlying litigation, and Avon and Schwing, which filed their mechanics' liens on August 11, 1998, and June 2, 1998, respectively, are now seeking payment from Raimondo and WKT under Lien Law article 3-A.

Under the facts of this case, Avon and Schwing lack standing to bring these actions because they had no contractual relationship with either the property owner or the general contractor and, as such, are not beneficiaries of WKT's or Raimondo's Lien Law trust (see Equitable Life Assur. Socy. of U.S. v Nico Constr. Co., 235 AD2d 222; Pile Found. Constr. Co. v Berger, Lehman Assoc., 253 AD2d 484; Matter of Abjen Props. v Crystal Run Sand & Gravel, 168 AD2d 783; Lien Law. § 71 [2], [3], [4]). In any event, by the time the plaintiffs filed their mechanics' liens, Raimondo's Lien Law trust was exhausted, because it had spent more to repair and complete

JTC's work than remained unpaid on the underlying contract (*see Van Clief v Van Vechten,* 130 NY 571; *Philan Dept. of Borden Co. v Foster-Lipkins Corp.,* 39 AD2d 633, *affd* 33 NY2d 709; Lien Law §§ 4, 70-77), and, as such, nothing remained to satisfy the subcontractor's outstanding claims (*see* Lien Law § 71 [2]; § 72 [1]; *cf. Canron Corp. v City of New York,* 89 NY2d 147). Santucci, J.P., Smith, Friedmann and Townes, JJ., concur.