■ TRI-STATE ENVIRONMENTAL CONTRACTING, INC., Appellant, v PT&L CONTRACTING CORPORATION et al., Respondents. [774 NYS2d 118]—

Judgment, Supreme Court, New York County (Charles Ramos, J.), entered June 4, 2003, dismissing the complaint pursuant to an order which granted defendants prime contractor's and payment bond surety's motion to dismiss plaintiff subcontractor's complaint on the basis of documentary evidence, unanimously affirmed, with costs.

Plaintiff alleges that it performed work and provided materials at the job site between January 12, 2000 and May 7, 2001, submitted invoices totaling $1,145,325.14 between February 7, 2000 and May 15, 2001, and that a balance of $297,693.54 remains due on its invoices. The motion court dismissed the complaint on the basis of a document denominated "Full and Final Waiver of Lien," signed by plaintiff and dated October 5, 2001, which states that plaintiff had accepted the amount of $847,711.60 as "a full and final payment" and would "make no further claim of any nature for additional compensation (either base contract or additional work) . . . for this project." Plaintiff argues that notwithstanding this seemingly clear and unambiguous language, the parties' past practice can be considered to show that the waiver was intended merely as a receipt for partial payment (citing *West End Interiors v Aim Constr. & Contr. Corp.*, 286 AD2d 250, 251-252 [2001]). We have reviewed plaintiff's evidence of past practice and find that it does not evince any such intent.

The original contract price was $800,000. Defendant contractor made 16 payments against 13 invoices, and plaintiff executed five waivers. The first, dated February 16, 2001, acknowledges a payment of $40,000 and is denominated "Full and Final Waiver of Lien," but, unlike the October 5 full and final waiver, states that plaintiff's work had not been completed. The next two, dated March 26 and April 19, 2001, before plaintiff had completed its work, acknowledge payments of $13,578.06 and $26,000, are denominated "Partial Waiver of Liens," waive any liens for work performed up to their respective dates and, unlike the waivers denominated as full, do not say that plaintiff

would "make no further claim of any nature for additional compensation." The fourth waiver, dated August 27, 2001 after plaintiff had completed its work, acknowledges a payment of $20,000 and is denominated partial; the fifth waiver, which is the final waiver dated October 5 on which defendants rely, acknowledges a payment of $847,711.60. Plaintiff notes that additional payments were made after the February waiver, although denominated as final; further notes that by its terms the August partial waiver should have barred any further payments because all work had already been finished and invoiced, and yet a further payment was made; and argues that these circumstances permit an inference that the October final waiver was intended merely as a receipt for partial payment.

We reject this argument. The waivers are formalistic, and, as plaintiff argues, do not in every particular precisely reflect what the parties intended. Thus, the first waiver is denominated as full and final, although there is no dispute that it was partial. The fourth waiver, dated after plaintiff had finished its work and acknowledging payment for all work performed up to its date, implies that no further payments are due, yet it is denominated as partial, and indeed there is no dispute that it was partial. The significant, indeed determinative, fact is that the first four waivers, acknowledging relatively small payments, all contain language clearly evincing an understanding that further payments are to be made; the fifth waiver, acknowledging a payment somewhat above the contract price and somewhat below plaintiff's invoices, contains no such language. Concur— Tom, J.P., Andrias, Sullivan and Friedman, JJ.