■ ALLIED ENVIRONMENTAL GROUP, INC., Respondent, v SAMSON CONSTRUCTION CO. INC., Doing Business as SAMSON CONSTRUCTION COMPANY and Others, et al., Appellants. [828 NYS2d 57]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered August 23, 2006, which denied defendants' motion to dismiss the complaint on ground of documentary evidence,

and the third cause of action on the additional ground of statute of limitations, unanimously affirmed, with costs.

There were questions of fact regarding both grounds of this pre-answer motion to dismiss. The surety's claim that the one year statute of limitations is dispositive, under either the bond or section 137 (4) of the State Finance Law, fails because the record is unclear as to when the work was actually concluded, notwithstanding the conclusory averments of Samson's chief officer that it had completed the work in August 2004. The surety sent a letter prior to the expiration date of the purported statute of limitations, indicating that an investigation of the work performed and the monies still due was still ongoing. Consequently, the surety may be estopped from its subsequent assertion that the statute of limitations had expired, even if the work is ultimately deemed to have been completed at an earlier date.

The parties' custom and usage, the document's ambiguous language and a letter from Samson advising that plaintiff would have to await payment until after the Dormitory Authority paid Samson, raise issues of fact as to Samson's claim that the release executed in April 2004 precludes plaintiff from seeking any further payment (*see Ess & Vee Acoustical & Lathing Contrs. v Prato Verde, Inc.*, 268 AD2d 332 [2000]; *cf. Tri-State Envtl. Contr. v PT&L Contr. Corp.*, 5 AD3d 127 [2004]). Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Malone, JJ.