*655 In related actions, inter alia, for a judgment declaring that liens upon certain condominium units are null and void for nonpayment of common charges (action No. 1), and to foreclose the subject liens (action No. 2), the Board of Managers of Springside Condominium I, the defendant in action No. 1 and the plaintiff in action No. 2, appeals (1), as limited by its notice of appeal and brief, from stated portions of an order of the Supreme Court, Dutchess County (Pagones, J.), dated September 25, 2007, which, inter alia, (a) granted those branches of the motion of Springside Land Company, LLC, the plaintiff in action No. 1 and the defendant in action No. 2, which were for summary judgment dismissing the complaint in action No. 2, for summary judgment on the second and third causes of action in action No. 1 declaring that the liens upon the condominium units are null and void, and for summary judgment on the fourth and fifth causes of action prohibiting it from assessing common charges against the condominium units at issue until they are substantially completed or covered by a temporary or permanent certificate of occupancy, and (b), in effect, denied those branches of its cross motion which were for summary judgment on the complaint in action No. 2, dismissing the first, fourth, and fifth causes of action in action No. 1, and, in effect, for summary judgment in its favor on the second and third causes of action in action No. 1 declaring that the hens on the subject condominium units are valid, and (2) from a judgment of the same court dated October 22, 2007, which, upon the order, is in favor of Springside Land Company, LLC, and against it dismissing the complaint in action No. 2, vacating the notice of pendency filed in action No. 2, vacating any and all existing liens for unpaid common charges filed against the condominium *656 units at issue, and prohibiting it from assessing common charges against the condominium units at issue unless and until such units are substantially completed or have received a temporary or permanent certificate of occupancy, and Springside Land Company, LLC, cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment on the first cause of action in action No. 1 to recover damages for breach of contract.
Ordered that the appeal from so much of the order as granted those branches of the motion of Springside Land Company, LLC, which were for summary judgment dismissing the complaint in action No. 2, for summary judgment on the second and third causes of action in action No. 1 declaring that the liens upon the condominium units are null and void, and for summary judgment on the fourth and fifth causes of action prohibiting it from assessing common charges against the condominium units at issue until they are substantially completed or covered by a temporary or permanent certificate of occupancy, and, in effect, denying those branches of the cross motion of the Board of Managers of Springside Condominium I which were for summary judgment on the complaint in action No. 2, dismissing the fourth and fifth causes of action in action No. 1, and, in effect, for summary judgment in its favor on the second and third causes of action in action No. 1 declaring that the liens on the subject condominium units are valid, is dismissed, without costs or disbursements; and it is further,
Ordered that the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,
Ordered that the judgment is modified, on the law, by deleting the provision thereof prohibiting the Board of Managers of Springside Condominium I from assessing common charges against the condominium units at issue until they are substantially completed or have received a temporary or permanent certificate of occupancy, and substituting therefor a provision dismissing the fourth cause of action in action No. 1 alleging equitable estoppel; as so modified, the judgment is affirmed, without costs or disbursements, those branches of the motion of Springside Land Company, LLC, which were for summary judgment on the fourth and fifth causes of action in action No. 1 are denied, that branch of the cross motion of the Board of Managers of Springside Condominium I which was for summary judgment dismissing the fourth cause of action in action No. 1 is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings, including severance of the first, fifth, and sixth causes of action.
*657 The appeal from so much of the intermediate order as granted those branches of the motion of Springside Land Company, LLC, which were for summary judgment dismissing the complaint in action No. 2, for summary judgment on the second and third causes of action in action No. 1 declaring that the liens upon the condominium units are null and void, and for summary judgment on the fourth and fifth causes of action prohibiting it from assessing common charges against the condominium units at issue until they are substantially completed or covered by a temporary or permanent certificate of occupancy, and, in effect, denying those branches of the cross motion of the Board of Managers of Springside Condominium I which were for summary judgment on the complaint in action No. 2, dismissing the fourth and fifth causes of action in action No. 1, and, in effect, for summary judgment in its favor on the second and third causes of action in action No. 1 declaring that the hens on the subject condominium units are valid, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment dismissing action No. 2, vacating the liens on the ground that they are null and void, and prohibiting the Board of Managers of Springside Condominium I from assessing common charges (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from these portions of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
Springside Land Company, LLC (hereinafter Springside Land), is the successor-in-interest to Springside Condominium, Inc., the sponsor of a condominium offering plan dated October 5, 1986, for the sale of 75 townhouse units in Springside Condominium I. Thirty-two of the condominium’s units were never constructed by the sponsor, and Springside Land acquired title to the unbuilt units by quitclaim deed dated December 29, 1999. Since provisions in the agreements between the parties indicated that common charges were only to be paid by the sponsor if the units were substantially completed and covered by a certificate of occupancy, common charges were never allocated and assessed against the applicable units.
In 2006 the Board of Managers of Springside Condominium I (hereinafter the Board) filed liens representing common charges due from December 31, 2000 through April 1, 2006 on the units at issue, on the ground that common expenses of a condominium must be charged to each unit owner according to that unit’s common interest pursuant to Real Property Law § 339-m. Springside Land commenced action No. 1, inter alia, for a judgment declaring the liens null and void, and the Board brought *658 action No. 2 to foreclose the liens. Springside Land moved for summary judgment on the complaint in action No. 1 and dismissing the complaint in action No. 2, and the Board cross-moved, among other things, for summary judgment on the complaint in action No. 2, dismissing the first, fourth, and fifth causes of action in action No. 1, and, in effect, for summary judgment in its favor on the second and third causes of action in action No. 1 declaring that the liens are valid.
The Supreme Court, in the order appealed and cross-appealed from, denied that branch of the motion of Springside Land which was for summary judgment on the first cause of action in action No. 1 to recover damages for breach of contract, on the ground that Springside Land failed to establish its entitlement to judgment as a matter of law. However, the Supreme Court granted those branches of Springside Land’s motion which were for summary judgment dismissing the complaint in action No. 2, for summary judgment on the second and third causes of action in action No. 1 declaring that the liens upon the condominium units are null and void, and for summary judgment on the fourth and fifth causes of action prohibiting the Board from assessing common charges against the condominium units at issue until they are substantially completed or covered by a temporary or permanent certificate of occupancy. The Supreme Court, in effect, denied those branches of the Board’s cross motion which were for summary judgment on the complaint in action No. 2, dismissing the first, fourth, and fifth causes of action in action No. 1, and, in effect, for summary judgment in its favor on the second and third causes of action in action No. 1 declaring that the liens are valid. The judgment appealed from dismissed the complaint in action No. 2, vacated the notice of pendency in that action, vacated the liens, and prohibited the Board from assessing common charges “unless and until such units are substantially completed or have received a temporary or permanent certificate of occupancy.”
Springside Land demonstrated its prima facie entitlement to judgment as a matter of law with respect to the third cause of action in action No. 1 for a judgment declaring that the liens are null and void based upon its claim of waiver (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]). Waiver is an intentional relinquishment of a known right (see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982]; Ess & Vee Acoustical & Lathing Contrs. v Prato Verde, Inc., 268 AD2d 332 [2000]). In this case, the condominium’s bylaws, dated September 15, 1987, contained a provision that the .Condominium Act *659 (Real Property Law art 9-B) would control if the agreements between the parties were in conflict with the statute. Over six years after the bylaws were filed, the sponsor amended the offering plan to indicate that it would pay common charges on units which were substantially complete or covered by a permanent certificate of occupancy notwithstanding the requirements of Real Property Law § 339-m. The Board then waited over 10 additional years before it asserted a right to assess common charges on the units in question. During that time, it failed to treat Springside Land as an individual unit owner. In opposition, the Board failed to raise a triable issue of fact. Accordingly, the Supreme Court properly determined that Springside Land was entitled to summary judgment on the third cause of action declaring the liens null and void due to waiver and the court properly vacated the liens on that ground.
However, the Supreme Court erred in prohibiting the Board from assessing future common charges against the condominium units at issue until the units are substantially complete or covered by a certificate of occupancy. A waiver can be withdrawn, provided the party whose performance has been waived is given notice of the withdrawal and a reasonable time after notice within which to perform (see Town of Hempstead v Incorporated Vil. of Freeport, 15 AD3d 567, 569 [2005]).
In support of its cross motion, the Board met its prima facie burden of establishing that it was entitled to summary judgment dismissing the fourth cause of action in action No. 1, which alleged that the Board should be prohibited from assessing future common charges based upon equitable estoppel, on the ground that the parties’ dealings did not satisfy the elements of equitable estoppel, since both parties knew of the true facts (see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 106-107 [2006]; First Union Natl. Bank v Tecklenburg, 2 AD3d 575 [2003]). In opposition, Springside Land failed to raise a triable issue of fact. With respect to the fifth cause of action in action No. 1, alleging that the Board should be prohibited from assessing future common charges based upon laches, Springside Land’s claims of a prejudicial change of position, including granting valuable consideration in lieu of the payment of common charges, are not established as a matter of law by the evidence in the record. Accordingly, Springside Land was not entitled to summary judgment on the fifth cause of action.
We do not reach Springside Land’s contentions regarding that branch of its motion which was for summary judgment on the sixth cause of action in action No. 1 to recover damages for *660 slander of title, and the Board’s contentions regarding that branch of its cross motion which was for summary judgment dismissing that cause of action, as those branches of the motion and cross motion, respectively, remain pending and undecided (see Hawkins-Bond v Konefsky, 48 AD3d 417 [2008]; Katz v Katz, 68 AD2d 536 [1979]).
The parties’ remaining contentions either are without merit or need not be addressed in light of our determination. Santucci, J.E, Angiolillo, Eng and Chambers, JJ., concur.