Lopez v 157-161 E. 28th St., LLC (2022 NY Slip Op 05756)

Lopez v 157-161 E. 28th St., LLC

2022 NY Slip Op 05756

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Kapnick, J.P., Webber, Oing, González, Kennedy, JJ. 

Index No. 161135/18 Appeal No. 16413 Case No. 2021-04241 

[*1]Celvin Estrada Lopez, Plaintiff,
v
157-161 East 28th Street, LLC, et al., Defendants.
157-161 East 28th Street, LLC, et al., Third-Party Plaintiffs,
v
New Wave Contracting Corp., Third-Party Defendant-Appellant.
New Wave Contracting Corp., et al., Second Third-Party Plaintiffs-Appellants,
v
Iceberg Developing Co., LLC, et al., Second Third-Party Defendants-Respondents.

Solomos & Storms, Astoria (Derrick Storms of counsel), for appellants.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about August 30, 2021, which, to the extent appealed from as limited by the briefs, granted second third-party defendants' motion for summary judgment dismissing the second third-party claims for breach of contract, unpaid overtime wages, and breach of constructive trust, and granted defendants/third-party plaintiffs' motion to dismiss the same counterclaims as asserted against them in the third-party action, unanimously affirmed, without costs.
The second third-party complaint asserts Labor Law wage claims and Lien Law claims against second third-party defendants Iceberg Developing Co., LLC (Iceberg) and Forkosh Construction Co., Inc. (Forkosh), alleging that Iceberg and Forkosh, the general contractors on a construction project, were the true employers of the individual second third-party plaintiffs, not second third-party plaintiff New Wave Contracting Corp. (New Wave), a subcontractor.
The court correctly concluded that New Wave was the employer of the individual second third-party plaintiffs. Second third-party defendants submitted affidavits and documentary evidence establishing that New Wave was retained by Iceberg and Forkosh as a subcontractor, and that, after the contract work began, New Wave directly employed and paid its employees (see CPLR 3211 [1] [a]; Matter of Ovadia v Office of the Indus. Bd. of Appeals, 19 NY3d 138, 143 [2012]). Moreover, the individual second third-party plaintiffs each signed a lien waiver and release, acknowledging receipt of all amounts due to them from New Wave, followed by acceptance of payment a few hours later, and those releases bar their breach of contract and wage claims (see Tri-State Envtl. Contr., Inc. v PT&L Contr. Corp., 5 AD3d 127, 127-128 [1st Dept 2004]; Liberty Marble v Elite Stone Setting Corp., 248 AD2d 302, 303-304 [1st Dept 1998]). Similarly, to the extent the releases also waived the right of second third-party plaintiffs to place mechanic's liens, the waivers were valid because payment was made the same day and accepted by second third-party plaintiffs without objection (see Atlantic Line Constr., LLC v Marstan Dev. Corp., 90 AD3d 456, 457 [1st Dept 2011]).
In opposition, second-third party plaintiffs failed to submit evidence sufficient to raise an issue of fact. In particular, they submitted no evidence refuting the evidence that they signed releases acknowledging receipt of full payment. The Workers' Compensation Board decision directing Iceberg to pay benefits to the injured plaintiff is of no evidentiary value because it did not specifically or necessarily adjudicate the issue of whether New Wave was a subcontractor of Iceberg (see Antoniak v P.S. Marcato El. Co., Inc., 144 AD3d 407, 408 [1st Dept 2016]; Torres v Perry St. Dev. Corp., 104 AD3d 672, 674-675 [2d Dept 2013]).
The motion court correctly dismissed the Lien Law article 3-A constructive trust claims because the individual second third-party plaintiffs [*2]were not in contractual privity with Forkosh or Iceberg (Lien Law § 71 [3] [a]; see Quantum Corporate Funding v L.P.G. Assoc., 246 AD2d 320, 322 [1st Dept 1998], lv denied 91 NY2d 814 [1998]; Avon Elec. Supplies v C.K. Elec., 297 AD2d 768, 769 [2d Dept 2002]).
As the counterclaims in the third-party action were duplicative of the claims asserted in the second third-party complaint, the court properly dismissed those claims, for the same reasons above.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022