■ HOWNOR ASSOCIATES, INC., et al., Respondents, v WASHINGTON SQUARE PROFESSIONAL BUILDING, INC., Appellant, et al., Defendants.—Motion, insofar as it seeks leave to appeal to the Court of Appeals, is denied and, insofar as it seeks reargument and resettlement, granted and upon reargument the order of this court entered on March 7, 1978 and the memorandum decision filed therewith are recalled and vacated, and the following substituted therefor: Judgment, Supreme Court, New York County, entered October 19, 1977, adjudging plaintiffs' mechanics' liens to be valid and directing foreclosure, unanimously modified, on the law, by vacating so much thereof as assessed the amount of the liens for the work performed on the dental offices, by ordering a new trial to determine the amount of those liens in accordance with this memorandum, and, as modified, otherwise affirmed, without costs and without disbursements. This is a consolidated action to foreclose two mechanics' liens. Upon appeal, no issue is presented as to appellant's liability in the sum of $325,000 for the work performed on the subject building. However, a critical question is raised as to appellant's liability for the work performed on the dental offices. Both complaints, as amplified by the respective bills of particulars, alerted the appellant that the liens were being foreclosed for work completed on the dental offices. The evidence amply supports the trial court's conclusion that appellant was liable for the renovation of the dental offices because it consented to those improvements (Lien Law, §§ 3, 4; 37 NY Jur, Mechanic's Liens, §§ 36-38). The more narrow issue is whether appellant's liability is limited by the $60,000 contract that purportedly existed between plaintiffs and the Dental Leasing Corporation for the renovation work performed on the dental offices. While the trial court found that the appellant had consented to the improvements of the dental offices, it never reached the issue of whether plaintiffs renovated the dental offices pursuant to the $60,000 contract. The court merely ordered a reference to set the amount and fixation of the liens. Upon the reference, the Special Referee reasoned that the trial court would not have ordered a reference if it had found a contract to construct the dental offices for $60,000. The Special Referee then proceeded to calculate the work performed on the dental offices on a cost-plus basis. The trial court should have decided, as it did with the $325,000 contract covering the building, whether the appellant had consented to the improvements, but only as delineated in the alleged $60,000 contract. If appellant, as owner, consented to those improvements set forth in the $60,000 agreement between plaintiffs and the Dental Leasing Corporation, it should not be held liable on the liens for any sum in excess of that agreed price (Lien Law, § 4; see, generally, 37 NY Jur, Mechanic's Liens, § 10; cf. *La Rose v Backer,* 11 AD2d 314, 319, affd 11 NY2d 760). Parenthetically, it should be stressed that the Special Referee was merely appointed to hear and report (CPLR 4212). Hence, it was not his duty nor was he authorized to determine the ultimate issue of whether the plaintiffs had agreed to reno-

vate the dental offices for $60,000. Furthermore, the reference by the trial court did not necessarily indicate that it had found that the dental renovations were made on a "cost-plus" contract. The court may well have ordered the reference to determine how much of the total contract had been completed by the plaintiffs. In light of the foregoing discussion, it is clear that a new trial must be held to determine the limited issue of whether appellant's liability is limited by a $60,000 contract between plaintiffs and Dental Leasing Corporation. If it be found that the appellant's liability is not so limited, then judgment may be entered against it in accordance with the referee's calculations which we find are supported by the evidence adduced at the hearing. Resettled order signed and filed. Concur—Murphy, P. J., Lupiano, Lane, Markewich and Sandler, JJ.