■ In the Matter of ABJEN PROPERTIES, L.P., Appellant, v CRYSTAL RUN SAND & GRAVEL, INC., Respondent.—Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Green, J.), entered October 18, 1989 in Orange County, which, *inter alia,* denied petitioner's application pursuant to Lien Law § 76 to vacate respondent's demand for a verified statement of petitioner's books and records.

Petitioner developed condominiums in Orange County and respondent provided gravel, sand and soil to a contractor on

---

the project. Respondent has not been paid for more than $13,000 in materials and requested a verified statement from petitioner pursuant to Lien Law § 76 (1) (b). Petitioner moved to vacate the request on the ground that respondent had no right to a verified statement because the parties were not in privity. Respondent answered and sought an order directing compliance with its request. Supreme Court directed petitioner to provide the verified statement and this appeal ensued.

Lien Law article 3-A was enacted to ensure that subcontractors and others are paid by designating various construction funds as trust funds (see, Caristo Constr. Corp. v Diners Fin. Corp., 21 NY2d 507, 512). Specifically, owners, contractors and subcontractors are designated trustees of different trust funds (see, Lien Law § 70) for the benefit of specific parties involved in the construction project (see, Lien Law § 71). "Persons having claims for payment of amounts for which the trustee is authorized to use trust assets * * * are beneficiaries of the trust" (Lien Law § 71 [4]). Trust claims against an owner include "claims of contractors, subcontractors * * * and materialmen arising out of the improvement, for which the owner is obligated" (Lien Law § 71 [3] [a]). To assist in enforcing these provisions, Lien Law § 76 (1) allows "[a]ny beneficiary of the trust holding a trust claim" to examine the trustee's books or receive a verified statement concerning the trustee's books.

Petitioner argues that respondent is not a beneficiary falling within the provisions of Labor Law § 76 because the parties are not in privity. Respondent counters that privity is not essential and that its furnishing of materials for the project on petitioner's property imposes a sufficient obligation upon petitioner to invoke the provisions of Lien Law § 76. Upon our review of the record, we find no basis upon which respondent can assert a trust claim against petitioner. There is no contract in the record so we cannot say that petitioner is obligated to respondent contractually. Despite respondent's assertions in its brief, there is no evidence in the record of any mechanic's lien which could obligate petitioner to respondent. In the absence of proof showing a claim by respondent as subcontractor or materialman for which petitioner as owner is obligated, respondent cannot be considered to be a beneficiary with a trust claim against petitioner (see, Onondaga Commercial Dry Wall Corp. v Sylvan Glen Co., 26 AD2d 130, affd 21 NY2d 739). Merely supplying material which is used in the project cannot suffice to impose obligations on the owner under the statute. Such an interpretation would provide every

subcontractor or materialman with a trust claim, a result not contemplated by the statutory requirement that the owner be obligated for the claim (see, Lien Law § 71 [3] [a]; see also, 1959 Report of NY Law Rev Commn, at 219). Accordingly, on this record we are constrained to hold that respondent does not enjoy the right to receive a verified statement from petitioner as sought under Lien Law § 76 (1) (b).

Order reversed, on the law, without costs, petition granted and cross application denied. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.