(November 21, 1994)

■ A. BEECHER GREENMAN CONSTRUCTION CORP., Respondent, v INCORPORATED VILLAGE OF NORTHPORT, Appellant. [619 NYS2d 293] —In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), dated March 15, 1993, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was awarded a contract by the defendant Village to rehabilitate a sanitary pumping station. The contract provided, *inter alia,* that if the project was not completed on time, the Village was entitled to deduct and retain liquidated damages from money due the plaintiff for each day after the scheduled completion date that the plaintiff was in default. The plaintiff was also responsible for engineer inspection costs incurred after the completion date. The contract further provided that, should the plaintiff be delayed in performing work on the project because of an action attributable to the Village, the plaintiff was entitled to an extension of time to complete the project, but a claim in writing requesting the extension of time had to be made within one week after the date of the alleged delay. The contract also provided that, should the plaintiff believe that it was entitled to additional compensation for extra work performed, a claim for such compensation had to be made within five days after the costs were incurred, and a written claim submitted to the engineer on or before the fifteenth day after the costs were incurred. This requirement was a condition precedent to the plaintiff's right of recovery.

Both parties agree that the contract was completed 12 days after the scheduled completion date. The Village withheld money due the plaintiff as liquidated damages and engineer inspection expenses, and the plaintiff commenced this action to recover the withheld money and to recover additional expenses incurred due to extra work performed. The defendant moved for summary judgment dismissing the complaint, on the ground that there was no triable issue of fact because the plaintiff failed to provide the required written notices of a request for an extension of time and a claim for additional compensation.

It is well settled that a movant for summary judgment must establish his defense or cause of action sufficiently to warrant a court's grant of judgment in his favor as a matter of law

*(see, Zuckerman v City of New York,* 49 NY2d 557, 562). The party opposing summary judgment must present admissible evidence establishing a triable issue of fact, and mere conclusory or unsubstantiated allegations or assertions are insufficient to oppose the motion *(see, Zuckerman v City of New York, supra,* at 562). The defendant submitted evidence that the plaintiff failed to submit the required written notices, and the plaintiff failed to establish that it complied with the contractual provisions requiring written notices of a request for an extension of time and a claim for additional compensation. Therefore, the motion for summary judgment dismissing the complaint should have been granted *(see, Zuckerman v City of New York, supra,* at 562). Mangano, P. J., Thompson, Copertino and Hart, JJ., concur.