■ LARRY ALVARO, INC., Doing Business as L.A. CONTRACTING, Appellant, v CHARLES CHOW, Respondent, et al., Defendants. [633 NYS2d 643] —White, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered July 11, 1994 in Albany County, upon a decision of the court in favor of plaintiff.

Plaintiff entered into a contract with defendant Charles Chow to repair fire damage to Chow's commercial property at 134 State Street in the City of Albany. The contract provided that Chow would pay plaintiff the "Contract Sum" of $29,000; however, the following paragraph indicated that $9,000 of the sum was due from Chow's fire insurance settlement and $20,000 was due from the lessee's fire insurance settlement. After the repairs were complete and having received only $3,000 on account from Chow, plaintiff filed a mechanic's lien and commenced this action to foreclose its lien against the property and to collect any outstanding balance from Chow.

After a nonjury trial, Supreme Court found that the contract was ambiguous as to Chow's personal liability, interpreted the contract to limit Chow's liability to $9,000 of which $3,000 had

been paid, and granted judgment accordingly. Finding that plaintiff had failed to establish that Chow had agreed to pay the entire $29,000, Supreme Court dismissed so much of the complaint as sought to foreclose the mechanic's lien. Plaintiff appeals, contending that it is entitled to foreclose upon said lien.

In accordance with Lien Law § 4, it is well settled that, except in the case of fraud, an owner cannot be compelled to pay, or his property subjected to, a lien in excess of the sum contracted to be paid for the improvement (*see, Hownor Assocs. v Washington Sq. Professional Bldg.*, 63 AD2d 573; *see also,* Jensen, Mechanics' Liens § 78, at 67 [4th ed]). Here, that sum is $29,000. The contractual paragraph apportioning the responsibility for payment between defendant and his tenant does not reduce defendant's liability as it does not limit the amount to be expended in repairing the damage but, instead, is merely an attempt to limit the liability of defendant as between him and his tenant (*see, Wahle, Phillips Co. v Fifty-Ninth St.-Madison Ave. Co.*, 153 App Div 17, 22, *affd* 214 NY 684).

Accordingly, as Supreme Court found that the contract was fully and satisfactorily performed and that defendant had consented to the improvements, it should have allowed plaintiff to foreclose its mechanic's lien for the unpaid balance (*see,* Lien Law § 3).

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the judgment is modified, on the law, with costs, by reversing so much thereof as dismissed that portion of the complaint seeking to foreclose a mechanic's lien; judgment of foreclosure granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.