■ INNOVATIVE DRYWALL, INC., Appellant, v CROWN PLASTERING CORP. et al., Defendants, and COMMACK CENTER ASSOCIATES, Respondent. [638 NYS2d 722] —In an action, *inter alia,* for a verified statement of the accounts of a Lien Law trust pursuant to Lien Law article 3-A, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated June 6, 1994, as denied its motion to compel disclosure, and granted that branch of the cross motion of the defendant Commack Center Associates which was for summary judgment dismissing the complaint insofar as asserted against that defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

Lien Law § 76 (1) permits "[a]ny beneficiary of the trust holding a trust claim" to examine the trustee's books or receive a verified statement concerning the trustee's books. By virtue of the statute's plain language, one must be a "beneficiary" in order to invoke the provisions of Lien Law § 76 (1). "Persons having claims for payment of amounts for which the trustee is authorized to use trust assets * * * are beneficiaries of the trust" (Lien Law § 71 [4]). With respect to a trust of which the owner is trustee, trust claims include "claims of contractors, subcontractors * * * and materialmen arising out of the improvement, for which the owner is obligated" (Lien Law § 71 [3] [a]).

A review of the record in the instant case establishes that the plaintiff is not a beneficiary of the trust assets held by the respondent Commack Center Associates (hereinafter Commack). There is simply no proof showing a claim by the plaintiff as the subcontractor for which Commack, the owner, was obligated. Not only was the mechanic's lien of the plaintiff dismissed as defective, but the plaintiff also failed to controvert, through the submission of an affidavit of a person with personal knowledge, the sworn statement of Ralph E. Cusano, the chief financial officer of Commack's asset manager, that Commack was never contractually obligated to the plaintiff. Absent proof of a claim by the plaintiff for which Commack obligated itself, there is no basis for a finding that the plaintiff was a beneficiary with a trust claim against Commack *(see, Matter of Abjen Props. v Crystal Run Sand & Gravel,* 168 AD2d 783, 784; *Onondaga Commercial Dry Wall Corp. v Sylvan Glen Co.,* 26 AD2d 130, 133, *affd* 21 NY2d 739).

Because the plaintiff was not a beneficiary with a trust claim against Commack, it was not entitled to the receipt of a verified statement from Commack pursuant to Lien Law § 76. Accordingly, we conclude that the Supreme Court properly denied

the plaintiff's motion to compel disclosure, and properly granted that branch of Commack's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Thompson and Hart, JJ., concur.