■ ROBERT L. WEBER, Doing Business as WOODHILL ELECTRIC, Appellant-Respondent, v DAVID G. WELCH et al., Respondents-Appellants, et al., Defendant. [668 NYS2d 71] —Cardona, P. J. Cross appeals from an order of the Supreme Court (Dawson, J.), entered October 21, 1996 in Essex County, which, *inter alia,* denied a motion by defendants David G. Welch and Mary A. Welch for summary judgment dismissing the complaint against them.

Defendants David G. Welch and Mary A. Welch (hereinafter collectively referred to as defendants) are the owners of certain real property located in the Town of North Elba, Essex County. In 1994, they entered into a contract with George Erwin, a general contractor, to construct a residential dwelling upon the subject property. Erwin, in turn, hired plaintiff in August 1994 to do the necessary electrical work. Thereafter, in October

1994, defendants borrowed the sum of $100,000 from defendant Northeast Savings, F.A., which was secured by a mortgage covering the property. Plaintiff completed the electrical work; Erwin, however, failed to tender payment in full.

Thereafter, plaintiff filed a mechanic's lien against defendants' property and commenced this action against defendants and others seeking, *inter alia*, to recover amounts due and owing pursuant to Lien Law article 3-A. Erwin was among the parties named, however, service of the summons and complaint was not effectuated because his whereabouts were unknown. Following joinder of issue, defendants moved, *inter alia*, for summary judgment dismissing the complaint based upon plaintiff's failure to include Erwin who they claimed was a necessary party. Plaintiff, in turn, cross-moved for summary judgment on his cause of action to recover trust funds under Lien Law article 3-A. Following defendants' amendment of their motion to add an additional ground for dismissal, Supreme Court denied all motions and these cross appeals ensued.

Initially, we find no error in Supreme Court's denial of defendants' motion for summary judgment dismissing the complaint for failure to include Erwin as a necessary party. Trust funds recoverable under Lien Law article 3-A include money "received by an owner for or in connection with an improvement of real property" as well as money "received by a contractor under or in connection with a contract for an improvement of real property, or home improvement" (Lien Law § 70 [1]). Trust funds for which an owner is deemed to be a trustee include money received by him or her "under a mortgage recorded subsequent to the commencement of the improvement and before the expiration of four months after completion of the improvement" (Lien Law § 70 [5] [c]). Moreover, trust claims which may legitimately be enforced against an owner include "claims of * * * subcontractors * * * arising out of the improvement, for which the owner is obligated" (Lien Law § 71 [3] [a]).

Here, the $100,000 received by defendants under the mortgage clearly constituted trust funds. The moneys were received within four months of the completion of the improvements by plaintiff and denominated as trust funds by the terms of the mortgage agreement. The record discloses that at least a portion of the mortgage proceeds remains unaccounted for inasmuch as defendants contend that they paid Erwin the total sum of $94,760, while $100,000 was disbursed to them under the mortgage. Given this unexplained discrepancy, plaintiff has a potential claim against defendants under Lien Law

article 3-A irrespective of Erwin's conduct in handling the funds advanced by defendants to him. Moreover, plaintiff's claim constitutes a legitimate trust claim since defendants are potentially obligated to plaintiff by the mechanic's lien filed against the subject property (*compare*, *Innovative Drywall v Crown Plastering Corp.*, 224 AD2d 664, *lv dismissed* 88 NY2d 1016; *Matter of ABJEN Props. v Crystal Run Sand & Gravel*, 168 AD2d 783). Furthermore, defendants' submissions, including the affidavit of their attorney, are not sufficient to conclusively establish the total contract price of the work performed by Erwin. Accordingly, we do not find that Erwin is a necessary party to this litigation.

Likewise, we agree with Supreme Court that plaintiff was not entitled to summary judgment on its cause of action under Lien Law article 3-A. Although the purpose of Lien Law article 3-A is "to ensure that 'those who have directly expended labor and materials to improve real property * * * at the direction of the owner or a general contractor' receive payment for the work actually performed" (*Canron Corp. v City of New York*, 89 NY2d 147, 155, quoting *West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d 148, 157), the record here presents questions of fact as to whether the nonpayment of money allegedly owed to plaintiff was attributable to the actions of defendants or Erwin. Accordingly, we find no reason to disturb Supreme Court's order.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.