■ R & A Construction Corp., Appellant, v Queens Boulevard Extended Care Facility Corporation, Respondent, et al., Defendant. [736 NYS2d 423] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated June 26, 2001, which granted the motion of the defendant Queens Boulevard Extended Care Facility Corporation for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Queens Boulevard Extended Care Facility Corporation.

The plaintiff, R & A Construction Corp. (hereinafter R & A), entered into a construction contract with the defendant CCS Queens Corporation (hereinafter CCS) in which R & A agreed to provide labor and material for concrete work in the building of a nursing home facility. The construction contract designated CCS as the construction manager, R & A as the contractor, and the defendant Queens Boulevard Extended Care Facility Corporation (hereinafter Extended Care) as the owner.

R & A commenced this action to recover damages for breach of contract alleging that it was not fully paid in accordance with the agreement. Extended Care moved for summary judgment arguing that the underlying construction contract was only between R & A and CCS and that, since CCS was acting as the contractor for the project, only CCS was liable under the contract.

The Supreme Court erred in finding that a designation as a construction manager is the same as a general contractor. A general contractor and a construction manager are separate and distinct titles with different responsibilities and different relationships to the parties to a construction project (*see generally, Kenny v Fuller Co.,* 87 AD2d 183, 188-189; *Carollo v Tishman Constr. & Research Co.,* 109 Misc 2d 506, 508-509). Since the contract between R & A and CCS designated CCS as the construction manager for Extended Care, Extended Care failed to establish its entitlement to judgment as a matter of law.

R & A's remaining contention is academic in light of our determination. Smith, J.P., Krausman, Schmidt and Cozier, JJ., concur.