■ TRIDEE ASSOCIATES, INC, Respondent, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Defendant, and BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Appellant. [739 NYS2d 179] —In an action to recover damages for breach of contract, the defendant Board of Education of the City School District of the City of New York appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated September 21, 2000, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

Tridee Associates, Inc. (hereinafter the landlord), leased its building to the defendant New York City School Construction Authority (hereinafter the Authority) for use as a public elementary school. The lease was assigned by the Authority to the defendant Board of Education of the City School District of the City of New York (hereinafter the Board). The lease provided that the landlord would provide the "necessary alterations and improvements" so that the premises would be suitable for school use. According to the lease, the Board was to reimburse the landlord for the costs incurred for the alterations and improvements. That amount could not exceed $750,000. The lease contained no provision for change orders or extra work. The lease did state, however, that it did set forth the entire agreement between the parties and that the lease could only be modified by a writing signed by both parties.

The landlord performed the work which was specified in the "scope of work" annexed to the lease as attachment A. In addition, pursuant to the Board's direction, the landlord performed extra work on the subject premises costing $430,634.75. While the landlord was reimbursed $750,000 for renovations and improvements, it was not paid for the additional costs it incurred. The landlord commenced this action to recover damages, alleging, inter alia, that the Board requested numerous changes and extras for which it represented it would pay.

Contrary to the Board's contention, the landlord's causes of action to recover damages for breach of contract, an account stated, and reimbursement of interest it paid on money it borrowed to finance the construction, are not precluded by a clause in the lease that it could only be modified by a writing signed

by both parties (*see,* General Obligations Law § 15-301 [1]). Under New York law, oral directions to perform extra work may modify or eliminate contract provisions requiring written authorization (*see, Barsotti's, Inc. v Consolidated Edison Co. of N.Y.,* 254 AD2d 211, 212; *Austin v Barber,* 227 AD2d 826, 828). A provision in the contract which requires that there be written authorization for extra work can be waived (*see, Mel-Stu Constr. Corp. v Melwood Constr. Corp.,* 131 AD2d 823, 824). Here, the landlord contends that the Board orally directed it to perform the extra work and consented to that work. The Board claims that there was no written authorization for the extra work as required by the contract. Inasmuch as there are issues of fact as to whether the extra work performed by the landlord was at the Board's request and whether the Board waived the requirement that any changes to the contract be in writing, the Supreme Court properly denied the Board's motion for summary judgment. Assuming that the Board is correct in its contention that the individuals who requested the extra work did not have the authority to bind the Board, there are issues of fact as to whether the Board ratified the changes and extra work (*cf.,* 27 NY Jur 2d, Counties, Towns, and Municipal Corporations § 1321).

Moreover, the Board's contention that the landlord's equitable causes of action should have been dismissed is without merit since the landlord claims that the contract does not cover the dispute in issue. Accordingly, both breach of contract and quasi-contract causes of action may be asserted (*see, Randall v Guido,* 238 AD2d 164; *Joseph Sternberg, Inc. v Walber 36th St. Assoc.,* 187 AD2d 225). Further, the Board was not entitled to the dismissal of the landlord's cause of action based on fraud as there are questions of fact as to whether the landlord's reliance on the Board's representations was justified. Goldstein, J.P., McGinity and Townes, JJ., concur.

H. Miller, J., dissents and votes to reverse the order appealed from and grant the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it with the following memorandum: I respectfully dissent. In my view, the Board of Education of the City School District of the City of New York (hereinafter the Board) is entitled to summary judgment dismissing the complaint insofar as asserted against it in its entirety.

The first, second, and third causes of action to recover damages for breach of contract, an account stated, and reimbursement of interest, are precluded by the express terms of the lease between the Board and Tridee Associates, Inc. (hereinaf-

ter the landlord). As the majority notes, the lease expressly limited the landlord's reimbursement for alteration and improvement costs to $750,000 and contained no provision for change orders or extra work. Moreover, article 27 provided that the "lease sets forth the entire agreement between the parties superseding all prior agreements and understandings, written or oral, and may not be altered or modified except by a writing signed by both parties." Thus, oral modification of the agreement was barred by General Obligations Law § 15-301 and by article 27 of the lease (*see, Opton Handler Gottlieb Feiler Landau & Hirsch v Patel*, 203 AD2d 72, 73). Moreover, there was no proof that the claimed additional work was authorized by the Board. Even where municipalities have accepted benefits, they will not be held liable under unauthorized agreements (*see, Matter of Garrison Protective Servs. v Office of Comptroller of City of N.Y.*, 92 NY2d 732; *Seif v City of Long Beach*, 286 NY 382; *Goldberg v Penny*, 163 AD2d 352). To hold otherwise would preclude a municipality from contractually limiting its obligations.

The fourth and sixth causes of action to recover damages in quantum meruit and for unjust enrichment fail as a matter of law because the terms of the lease expressly limit the amount the Board was obligated to reimburse the landlord (*see, Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388; *Honess 52 Corp. v Town of Fishkill*, 266 AD2d 510, 512). The fifth cause of action to recover damages for fraud and misrepresentation should also be dismissed since a party cannot establish that it "reasonably relied" on an oral modification of an agreement for purposes of establishing fraud or negligent misrepresentation where the written agreement expressly bars oral modification of the agreement (*see, Bank Leumi Trust Co. of N.Y. v D'Evori Intl.*, 163 AD2d 26, 32). Accordingly, I would grant summary judgment to the Board dismissing the entire complaint insofar as asserted against it.