■ SPECTRUM PAINTING CONTRACTORS, INC., Plaintiff, v KREISLER BORG FLORMAN GENERAL CONSTRUCTION CO., INC., et al., Respondents-Appellants, MIRIAM OSBORN MEMORIAL HOME ASSOCIATION, Appellant-Respondent, and R & J CONSTRUCTION CORP. et al., Respondents, et al., Defendants. (Action No. 1.) FRANK & LINDY PLUMBING & HEATING, INC., Plaintiff, v SEABOARD SURETY COMPANY et al., Defendants. (Action No. 2.) OLD CASTLE PRECAST, INC., Doing Business as SPANCRETE NORTHEAST, Plaintiff, v SEABOARD SURETY COMPANY et al., Defendants. (Action No. 3.) BYRAM CONCRETE & SUPPLY, INC., Plaintiff, v OSBORN et al., Defendants. (Action No. 4.) EASTERN EXCAVATION, INC., Plaintiff, v SEABOARD SURETY COMPANY, Defendant. (Action No. 5.) MIRIAM OSBORN MEMORIAL HOME ASSOCIATION, Respondent-Appellant, v KREISLER BORG FLORMAN GENERAL CONSTRUCTION CO., INC., Appellant-Respondent, et al., Defendant. (Action No. 6.) CLASSICO BUILDING MAINTENANCE, INC., Plaintiff, v KREISLER BORG FLORMAN GENERAL CONSTRUCTION CO., INC., Defendant. (Action No. 7.) [883 NYS2d 262]—

566

In seven related actions, inter alia, to recover damages for breach of contract, (1) Kreisler Borg Florman General Construction Co., Inc., appeals from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered January 9, 2008, as denied that branch of its cross motion in action No. 6 which was for summary judgment limiting the potential recovery of Miriam Osborn Memorial Home Association against it in that action for delay damages to the sum of $350,000, and Miriam Osborn Memorial Home Association cross-appeals, as limited by its notice of appeal and brief, from so much of the same order as granted that branch of the cross motion of Kreisler Borg Florman General Construction Co., Inc., in action No. 6 which was, in effect, for summary judgment dismissing the complaint insofar as asserted against it to the extent that the complaint sought to recover damages from Kreisler Borg Florman General Construction Co., Inc., in that action in the amount of unreimbursed casualty and property damage remediation claims submitted by Miriam Osborn Memorial Home Association to its insurer, (2) Miriam Osborn Memorial Home Association separately appeals from a second order of the same court, also entered January 9, 2008, which denied its motion in action No. 6 for summary judgment dismissing the counterclaim to recover damages for breach of contract asserted against it by Kreisler Borg Florman General Construction Co., Inc., in that action and denied its motion in action No. 1 for summary judgment dismissing the cross claim to foreclose a mechanic's lien asserted against it by Kreisler Borg Florman General Construc-

tion Co., Inc., in that action, (3) Miriam Osborn Memorial Home Association separately appeals from so much of a third order of the same court, also entered January 9, 2008, as denied those branches of its separate motion in action No. 1 which were for summary judgment dismissing so much of the cross claim to foreclose a mechanic's lien asserted against it by Skyline Steel Corp. in that action, as was based on extra work that it did not approve in writing and work performed or materials delivered prior to the operative date of certain release documents, and Skyline Steel Corp. cross-appeals from stated portions of the same order, (4) Miriam Osborn Memorial Home Association separately appeals from so much of a fourth order of the same court, also entered January 9, 2008, as denied those branches of its separate motion in action No. 1 which were for summary judgment dismissing so much of the cause of action to foreclose a mechanic's lien asserted against it by Spectrum Painting Contractors, Inc., in that action, as was based on extra work that it did not approve in writing and work performed or materials delivered prior to the operative date of certain release documents, (5) Miriam Osborn Memorial Home Association separately appeals from so much of a fifth order of the same court, also entered January 9, 2008, as denied those branches of its separate motion in action No. 1 which were for summary judgment dismissing so much of the cross claim to foreclose a mechanic's lien asserted against it by Mensch Mill & Lumber Corp. in that action, as was based on extra work that it did not approve in writing and work performed or materials delivered prior to the operative date of certain release documents, (6) Miriam Osborn Memorial Home Association separately appeals from so much of a sixth order of the same court, also entered January 9, 2008, as denied that branch of its separate motion in action No. 1 which was for summary judgment dismissing the cross claim to recover damages for unjust enrichment asserted against it by Eastern Excavation, Inc., in that action, (7) Miriam Osborn Memorial Home Association separately appeals from a seventh order of the same court, also entered January 9, 2008, which denied its separate motion in action No. 1 for summary judgment dismissing so much of the cross claim to foreclose a mechanic's lien asserted against it by Oldcastle Precast, Inc., doing business as Spancrete Northeast, in that action, as was based on extra work that it did not approve in writing and work performed or materials delivered prior to the operative date of certain release documents, (8) Miriam Osborn Memorial Home Association separately appeals from so much of an eighth order of the same court, also entered January 9, 2008, as denied that branch of its separate motion in action No. 1 which was for

summary judgment dismissing so much of the cross claim to foreclose a mechanic's lien asserted against it by Advanced Epoxy Flooring Systems, Inc., in that action, as was based on work performed or materials delivered prior to the operative date of certain release documents, (9) Miriam Osborn Memorial Home Association separately appeals from so much of a ninth order of the same court, also entered January 9, 2008, as denied that branch of its separate motion in action No. 1 which was for summary judgment dismissing so much of the cross claim to foreclose a mechanic's lien asserted against it by Navillus Contracting, Inc., in that action, as was based on work performed or materials delivered prior to the operative date of certain release documents, (10) Miriam Osborn Memorial Home Association separately appeals from a tenth order of the same court, also entered January 9, 2008, which denied its separate motion in action No. 1 for summary judgment dismissing so much of the cross claim to foreclose a mechanic's lien asserted against it by MGC Stone Company, Inc., in that action, as was based on extra work that it did not approve in writing and work performed or materials delivered prior to the operative date of certain release documents, (11) Miriam Osborn Memorial Home Association separately appeals from so much of an eleventh order of the same court, also entered January 9, 2008, as denied those branches of its separate motion in action No. 1 which were for summary judgment dismissing so much of the cross claim to foreclose a mechanic's lien asserted against it by M. Gottfried, Inc., in that action, as was based on extra work that it did not approve in writing and work performed or materials delivered prior to the operative date of certain release documents, (12) Miriam Osborn Memorial Home Association separately appeals from a twelfth order of the same court, also entered January 9, 2008, which denied its separate motion in action No. 1 for summary judgment dismissing so much of the cross claim to foreclose a mechanic's lien asserted against it by Acme Architectural Products, Inc., in that action, as was based on extra work that it did not approve in writing and work performed or materials delivered prior to the operative date of certain release documents, (13) Miriam Osborn Memorial Home Association separately appeals from a thirteenth order of the same court, also entered January 9, 2008, which denied its separate motion in action No. 1 for summary judgment dismissing the cross claims to recover damages for breach of contract and unjust enrichment asserted against it by Mariano Cardillo & Sons, Inc., in that action, and dismissing so much of the cross claim to foreclose a mechanic's lien asserted against it by Mariano Cardillo & Sons, Inc., in that action, as was based on

extra work that it did not approve in writing and work performed or materials delivered prior to the operative date of certain release documents, (14) Miriam Osborn Memorial Home Association separately appeals from so much of a fourteenth order of the same court, also entered January 9, 2008, as denied those branches of its separate motion in action No. 1 which were for summary judgment dismissing the cross claim to recover damages asserted against it by R&J Construction Corp. in that action, and dismissing so much of the cross claim to foreclose a mechanic's lien asserted against it by R&J Construction Corp., in that action, as was based on extra work that it did not approve in writing and work performed or materials delivered prior to the operative date of certain release documents, (15) Miriam Osborn Memorial Home Association separately appeals from a fifteenth order of the same court, also entered January 9, 2008, which granted, in part, the cross motion of R&J Construction Corp., (16) Miriam Osborn Memorial Home Association separately appeals from so much of a sixteenth order of the same court, also entered January 9, 2008, as denied those branches of its separate motion in action No. 1 which were for summary judgment dismissing the cross claim to foreclose a mechanic's lien asserted against it by Nationwide Mechanical Contractors Corp. in that action, as was based on extra work that it did not approve in writing and work performed or materials delivered prior to the operative date of certain release documents, (17) Miriam Osborn Memorial Home Association separately appeals from so much of a seventeenth order of the same court, also entered January 9, 2008, as denied those branches of its separate motion in action No. 1 which were for summary judgment dismissing the cross claim to foreclose a mechanic's lien asserted against it by Frank & Lindy Plumbing & Heating, Inc., in that action, as was based on extra work that it did not approve in writing and work performed or materials delivered prior to the operative date of certain release documents, (18) Miriam Osborn Memorial Home Association separately appeals from so much of an eighteenth order of the same court, also entered January 9, 2008, as denied those branches of its separate motion in action No. 1 which were for summary judgment dismissing the cross claim to foreclose a mechanic's lien asserted against it by Solar Electric Systems, Inc., in that action, as was based on extra work that it did not approve in writing and work performed or materials delivered prior to the operative date of certain release documents, and (19) Miriam Osborn Memorial Home Association separately appeals from a nineteenth order of the same court, also entered January 9, 2008, which denied its cross motion in action No. 1

for summary judgment dismissing the cross claim to enforce a trust pursuant to Lien Law article 3-A asserted against it by Solar Electric Systems, Inc., in that action.

Ordered that the cross appeal from the third order entered January 9, 2008 is dismissed, as Skyline Steel Corp. is not aggrieved by the portions of the order cross-appealed from (see CPLR 5511); and it is further,

Ordered that the appeal from the fifteenth order entered January 9, 2008 is dismissed as abandoned; and it is further,

Ordered that the first order entered January 9, 2008 is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the second, seventh, tenth, twelfth, and nineteenth orders entered January 9, 2008 are affirmed; and it is further,

Ordered that the third order entered January 9, 2008 is affirmed insofar as appealed from by Miriam Osborn Memorial Home Association; and it is further,

Ordered that the fourth order entered January 9, 2008 is modified, on the law, by deleting the provision thereof denying that branch of the separate motion of Miriam Osborn Memorial Home Association in action No. 1 which was for summary judgment dismissing so much of the cause of action to foreclose a mechanic's lien asserted against it by Spectrum Painting Contractors, Inc., in that action as was based on extra work that it did not approve in writing and substituting therefor a provision granting that branch of the separate motion; as so modified, the fourth order entered January 9, 2008 is affirmed insofar as appealed from; and it is further,

Ordered that the fifth, eighth, ninth, eleventh, sixteenth, seventeenth, and eighteenth orders entered January 9, 2008 are affirmed insofar as appealed from; and it is further,

Ordered that the sixth order entered January 9, 2008 is reversed insofar as appealed from, on the law, and that branch of the separate motion of Miriam Osborn Memorial Home Association in action No. 1 which was for summary judgment dismissing the cross claim to recover damages for unjust enrichment asserted against it by Eastern Excavation, Inc., in that action is granted; and it is further,

Ordered that the thirteenth order entered January 9, 2008 is modified, on the law, by deleting the provisions thereof denying those branches of the separate motion of Miriam Osborn Memorial Home Association in action No. 1 which were for summary judgment dismissing the cross claims to recover damages for

breach of contract and unjust enrichment asserted against it by Mariano Cardillo & Sons, Inc., in that action and substituting therefor provisions granting those branches of the motion; as so modified, the thirteenth order entered January 9, 2008 is affirmed insofar as appealed from; and it is further,

Ordered that the fourteenth order entered January 9, 2008 is modified, on the law, by deleting the provision thereof denying that branch of the separate motion of Miriam Osborn Memorial Home Association in action No. 1 which was for summary judgment dismissing the cross claim to recover damages for breach of contract asserted against it by R&J Construction Corp. in that action and substituting therefor a provision granting that branch of the motion; as so modified, the fourteenth order entered January 9, 2008 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to Kreisler Borg Florman General Construction Co. Inc., Skyline Steel Corp., Mensch Mill & Lumber Corp., Oldcastle Precast, Inc., Navillus Contracting, Inc., MGC Stone Company, Inc., M. Gottfried Inc., Acme Architectural Products, Inc., Nationwide Mechanical Contractors, Corp., Frank & Lindy Plumbing & Heating, Inc. and Solar Electric Systems, Inc., appearing separately and filing separate briefs, payable by Miriam Osborn Memorial Home Association.

These 19 consolidated appeals concern the construction of two new residence halls (hereinafter the project) on real property owned by Miriam Osborn Memorial Home Association (hereinafter Osborn), which operates a retirement community. To finance the project and other construction, Osborn borrowed the sum of more than $57 million from the Dormitory Authority of the State of New York (hereinafter DASNY). In January 2000 Osborn, as "Owner," and Kreisler Borg Florman General Construction Co., Inc. (hereinafter KBF), as "Construction Manager Acting as an Independent Contractor Holding Trade Contracts," entered into a "Guaranteed Maximum Price Agreement" (hereinafter the Osborn/KBF agreement), whereby KBF agreed to enter into contracts on behalf of itself with such subcontractors, suppliers, and vendors as were necessary to provide the labor, materials, and services attendant to the work specified in the contract documents, for a guaranteed maximum price of $39 million. KBF, in turn, entered into contracts with numerous subcontractors and suppliers, 15 of which (hereinafter collectively the trade contractors) are parties to these appeals. During construction of the project, the buildings experienced water damage, and despite an effort to expedite the

remediation and repair of the damage, the project was not completed by the date specified in the Osborn/KBF agreement. Although KBF contends that it had substantially completed the project, Osborn, in February 2002, took the position that KBF was in default and proceeded to terminate KBF from the project. By that time, Osborn had paid KBF the guaranteed maximum price set forth in the Osborn/KBF agreement, less the contractually specified retainage, but it did not pay KBF amounts for certain "extra work" that KBF and many of the trade contractors allege Osborn directed them to perform during the course of the project, despite the fact that the work was not included in the scope of the work specified in the Osborn/KBF agreement. Between December 2001 and April 2002 KBF and the 15 trade contractors each filed notices of mechanic's liens against Osborn's real property for amounts they alleged they were owed and had not been paid.

In October 2001 Osborn submitted a claim to its insurer Travelers Indemnity Company (hereinafter Travelers) seeking coverage pursuant to its builder's risk insurance policy for expenses it incurred and loss of income resulting from the water damage. As part of its claim, Osborn submitted invoices prepared by several of the trade contractors for work they performed in remediating the damage. After Travelers disclaimed coverage for the loss, Osborn commenced an action against Travelers in federal court, alleging breach of contract and seeking a judgment declaring that Travelers had a duty to indemnify it for the loss. The United States District Court for the Southern District of New York granted Osborn's motion for summary judgment declaring that Travelers was obligated to indemnify it for the loss. Osborn and Travelers thereafter entered into a so-ordered settlement agreement, whereby Osborn agreed to settle its $6,238,572.27 claim for the sum of $2,750,000. The settlement agreement provided that, "at the request of the Osborn, the Proceeds are allocated as follows: $785,000 of the Proceeds is allocated to those expenses incurred by KBF and its subcontractors in remediating mold contamination and repairing water damage; and the balance of $1,965,000 is allocated to the payment of The Osborn expenses."

In May 2002 Osborn commenced an action in the Supreme Court, Westchester County, against KBF (hereinafter action No. 6), inter alia, to recover damages for breach of contract, based on KBF's alleged failure, among other things, to perform satisfactory work in a timely manner. KBF asserted a counterclaim to recover damages for breach of contract based on, inter alia, Osborn's failure to pay costs allegedly incurred by KBF in ac-

celerating the work to achieve timely completion of the project despite delays purportedly caused by Osborn and Osborn's failure to pay for extra work it directed to be performed despite the fact that the work was outside the scope of the Osborn/KBF agreement.

Shortly before the commencement of action No. 6, Spectrum Painting Contractors, Inc. (hereinafter Spectrum), one of the trade contractors, had commenced a separate action in the same court (hereinafter action No. 1), inter alia, to foreclose its mechanic's lien. KBF, which was named as a defendant in action No. 1, and the other 14 trade contractors, which were added as defendants, asserted cross claims in action No. 1 to foreclose their mechanic's liens. Several of the trade contractors also asserted cross claims against Osborn to recover damages for breach of contract and/or unjust enrichment. Some trade contractors also asserted cross claims against Osborn pursuant to Lien Law article 3-A for trust diversion, based on Osborn's alleged diversion of the proceeds that it received from its settlement with Travelers and/or its alleged diversion of portions of the money that it had borrowed from DASNY. In several orders, the Supreme Court determined that the insurance settlement proceeds and the DASNY funds were trust funds within the meaning of Lien Law article 3-A, and granted the motion of Solar Electric Systems, Inc. (hereinafter Solar), one of the trade contractors, for class certification to represent the class of beneficiaries of these Lien Law article 3-A trust funds (hereinafter the class).

By notice dated December 12, 2006, Osborn cross-moved against Solar for summary judgment dismissing Solar's cross claim in action No. 1 on behalf of the class for trust diversion on the ground, inter alia, that Osborn was not in privity with any of the members of the class. By notice dated March 1, 2007, Osborn made 16 separate motions for summary judgment in action No. 1—one motion against KBF and one motion against each of the 15 trade contractors. Osborn's 16 motions and one cross motion, plus a cross motion in action No. 6 by KBF, and a separate cross motion in action No. 1 by R&J Construction Corp. (hereinafter R&J), one of the trade contractors, were determined in the 19 orders that are the subject of these consolidated appeals.

The Supreme Court properly denied Osborn's motion for summary judgment dismissing KBF's counterclaim in action No. 6 to recover damages for breach of contract and dismissing KBF's cross claim in action No. 1 to foreclose its mechanic's lien. Osborn correctly argues that KBF may not recover additional

compensation resulting from delay, including the costs incurred by KBF to accelerate the work in an attempt to achieve timely completion. It is undisputed that KBF did not give written notice to Osborn, as required by the terms of the Osborn/KBF agreement, within 20 days after the onset of any unavoidable delay, that it would be seeking an extension of time or an increase in the guaranteed maximum price by reason of unavoidable delay (*see F. Garofalo Elec. Co. v New York Univ.,* 270 AD2d 76, 80 [2000]; *A. Beecher Greenman Constr. Corp. v Incorporated Vil. of Northport,* 209 AD2d 565, 566 [1994]; *Huff Enters. v Triborough Bridge & Tunnel Auth.,* 191 AD2d 314 [1993]). KBF's counterclaim to recover damages for breach of contract in action No. 6 and its cross claim to foreclose its mechanic's lien in action No. 1 are not only based on delay damages, however; they are also based on KBF's alleged performance of "extra work" it was directed to perform by Osborn outside the scope of the Osborn/KBF agreement. Although the Osborn/KBF agreement provides that KBF was to bear the cost of extra work it performed without receiving a signed change order or authorization from Osborn prior to performance, KBF raised a triable issue of fact regarding whether Osborn waived this requirement (*see Joseph F. Egan, Inc. v City of New York,* 17 NY2d 90, 96 [1966]; *Tridee Assoc. v New York City School Constr. Auth.,* 292 AD2d 444, 445 [2002]; *Barsotti's, Inc. v Consolidated Edison Co. of N.Y.,* 254 AD2d 211, 212 [1998]; *Austin v Barber,* 227 AD2d 826, 828 [1996]; *Mel-Stu Constr. Corp. v Melwood Constr. Corp.,* 131 AD2d 823, 824 [1987]).

Contrary to Osborn's contention, the Supreme Court properly granted that branch of KBF's cross motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against it to the extent that the complaint sought to recover damages from KBF in the amount of unreimbursed casualty and property damage remediation claims that Osborn submitted to Travelers. The Osborn/KBF agreement provided that Osborn waived all rights against KBF for damages caused by fire or other perils "to the extent covered by insurance provided under or obtained pursuant to this section on Builder's Risk Insurance," and the United States District Court for the Southern District of New York determined that the claims submitted by Osborn to Travelers were covered, and that Travelers was obligated to indemnify Osborn for the losses set forth in those claims. Contrary to KBF's contention, however, the Supreme Court properly denied that branch of its cross motion which was for summary judgment limiting Osborn's potential recovery against it for delay damages to the sum of $350,000, as Osborn raised a triable issue of fact with respect to

the issue of whether KBF abandoned the contract, thus rendering inapplicable the liquidated damages clause otherwise limiting Osborn's recovery to that amount (*see City of Elmira v Larry Walter, Inc.,* 76 NY2d 912, 913-914 [1990]; *Town of N. Hempstead v Sea Crest Constr. Corp.,* 119 AD2d 744 [1986]).

Osborn contends on appeal that the Supreme Court should have awarded it summary judgment dismissing the trade contractors' causes of action or cross claims since none of them were in contractual privity with it. To the extent that Osborn contends that the Supreme Court should have awarded it summary judgment dismissing the trade contractors' lien foreclosure causes of action, as set forth in their various pleadings, this contention is not properly before this Court, as Osborn did not move for summary judgment dismissing those claims on that ground. In any event, a materialperson or subcontractor is not required to be in contractual privity with the property owner in order to file and foreclose on a mechanic's lien (*see* Lien Law § 3; *Kuhn v Kober,* 203 AD2d 536 [1994]; *Rainbow Elec. Co. v Bloom,* 132 AD2d 539 [1987]; *Hartman v Travis,* 81 AD2d 692, 693 [1981]). Osborn did, however, argue in the Supreme Court that a lack of privity required the Court to award it summary judgment dismissing Solar's cross claim, on behalf of the class, alleging trust diversion, and that a lack of privity required the Court to award it summary judgment dismissing any breach of contract causes of action or cross claims that the trade contractors asserted against it. Nevertheless, the Supreme Court properly denied Osborn's motion for summary judgment dismissing Solar's trust diversion cross claim. Although an owner's liability pursuant to Lien Law article 3-A requires the existence of an obligation on the part of the owner (*see* Lien Law § 71 [3]), the obligation may be one either imposed by contract "or as the result of a mechanic's lien" (*Quantum Corporate Funding v L.P.G. Assoc.,* 246 AD2d 320, 322 [1998]; *see Weber v Welch,* 246 AD2d 782, 784 [1998]; *cf. Innovative Drywall v Crown Plastering Corp.,* 224 AD2d 664 [1996]; *Matter of ABJEN Props. v Crystal Run Sand & Gravel,* 168 AD2d 783, 784 [1990]). The Supreme Court should have granted those branches of Osborn's motions, however, which were for summary judgment dismissing the breach of contract cross claims asserted against it by trade contractors R&J and Mariano Cardillo & Sons, Inc. (hereinafter Cardillo), since "a subcontractor may not assert a cause of action to recover damages for breach of contract against a party with whom it is not in privity" (*Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club,* 156 AD2d 550, 551 [1989]; *see Delta Elec. v Ingram & Greene,* 123 AD2d 369, 370 [1986]). The contracts that R&J and Cardillo

entered into with KBF, as well as the Osborn/KBF agreement, which was incorporated into those contracts, establish that KBF was not Osborn's agent on the project, but an independent contractor that entered into its own contracts with the trade contractors (cf. *R & A Constr. Corp. v Queens Blvd. Extended Care Facility Corp.,* 290 AD2d 548, 549 [2002]). Contrary to the finding of the Supreme Court, in opposition to Osborn's motions, neither R&J nor Cardillo presented any evidence that Osborn directly contracted with R&J or Cardillo for the performance of extra work. The Supreme Court did not decide those branches of Osborn's motions which were for summary judgment dismissing the breach of contract cross claims asserted against it by trade contractors Skyline and Mensch Mill & Lumber Corp. (hereinafter Mensch). Since those branches of Osborn's motions remain pending and undecided, any arguments that Osborn raises with respect to them are not properly before this Court (*see Fuiaxis v 111 Huron St., LLC,* 58 AD3d 798, 799-800 [2009]; *Katz v Katz,* 68 AD2d 536, 542-543 [1979]).

The Supreme Court should have granted those branches of Osborn's motions which were for summary judgment dismissing the unjust enrichment cross claims asserted against it by trade contractors Cardillo and Eastern Excavation, Inc. (hereinafter Eastern), as the existence of their contracts with KBF governing the same subject matter precludes recovery in quasi contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 388-389 [1987]; *Sybelle Carpet & Linoleum of Southampton v East End Collaborative,* 167 AD2d 535, 536 [1990]). Contrary to the determination of the Supreme Court, certain deposition testimony of Eastern's president, submitted by Osborn along with its motion, did not raise an issue of fact regarding whether Eastern's contract with KBF was terminated. Although Eastern's president testified at his deposition that he received a "termination letter" from KBF in September 2001, based on Eastern's alleged failure to perform according to the contract, he further testified that KBF did not "follow through" on the termination and that the parties agreed that Eastern would continue on the project.

In its motions against each trade contractor, Osborn contended that it was entitled to summary judgment dismissing so much of each trade contractor's lien foreclosure claim, as set forth in their respective pleadings, as was based on work performed or materials delivered prior to the dates of certain requisitions for payment submitted by the trade contractors and prior to the operative dates of certain release and waiver of lien forms that the trade contractors executed. Contrary to

Osborn's contention, the requisitions for payment forms executed by the trade contractors did not contain waivers of the trade contractors' right to file any liens or claims against it. Rather, the requisitions for payment forms, by their terms, were only applicable to liens or claims made by subcontractors, laborers, or suppliers of the trade contractor. While the release and waiver of lien forms executed by the trade contractors are applicable to the claims and liens of the trade contractors, it is not clear from the language of these documents that, in executing them, the trade contractors were waiving the right to make claims for prior work (*see Ess & Vee Acoustical & Lathing Contrs. v Prato Verde, Inc.,* 268 AD2d 332 [2000]). Moreover, the majority of the trade contractors were contractually required to submit these forms as a condition precedent to their entitlement to and receipt of progress payments. The circumstances surrounding the execution of these documents reveal an issue of fact regarding whether the documents constituted mere receipts for payment actually received (*see E-J Elec. Installation Co. v Brooklyn Historical Socy.,* 43 AD3d 642, 643-644 [2007]; *Apollo Steel Corp. v Sicolo & Massaro,* 300 AD2d 1021, 1022 [2002]; *West End Interiors v Aim Constr. & Contr. Corp.,* 286 AD2d 250, 251-252 [2001]; *Orange Steel Erectors v Newburgh Steel Prods.,* 225 AD2d 1010, 1012 [1996]). Accordingly, the Supreme Court properly denied those branches of Osborn's motions which were for summary judgment dismissing so much of the lien foreclosure claims, as set forth in the pleadings of the trade contractors Spectrum, Skyline, Mensch, Cardillo, R&J, Solar, Oldcastle Precast, Inc., doing business as Spancrete Northeast (hereinafter Oldcastle), Navillus Contracting, Inc. (hereinafter Navillus), MGC Stone Company, Inc. (hereinafter MGC), M. Gottfried, Inc. (hereinafter M. Gottfried), Acme Architectural Products, Inc. (hereinafter Acme), Nationwide Mechanical Contractors, Corp. (hereinafter Nationwide), and Frank & Lindy Plumbing & Heating, Inc. (hereinafter Frank & Lindy), as were based on work performed or materials delivered prior to the dates of the requisitions for payment and prior to the operative dates of the release and waiver of lien documents.

In its motions against each trade contractor, Osborn also contended that it was entitled to summary judgment dismissing so much of each trade contractor's lien foreclosure claim, as set forth in their various pleadings, as was based on extra work that Osborn did not authorize in writing. The contracts that Mensch and Acme entered into with KBF, unlike the contracts that the remaining trade contractors entered into with KBF, do not contain any provision that extra work must be approved in a writing signed by both KBF and Osborn. Thus, Osborn failed

to make a prima facie showing of its entitlement to judgment as a matter of law on this issue with respect to Mensch and Acme, and, accordingly, the Supreme Court properly denied those branches of Osborn's motions which were for summary judgment dismissing so much of the lien foreclosure cross claims asserted against it by Mensch and Acme as were based on extra work that Osborn did not authorize in writing. Osborn did, however, make such a showing with respect to the remaining trade contractors. Thus, it established its prima facie entitlement to judgment as a matter of law with respect to so much of those trade contractors' lien foreclosure claims as were based on such work (*see Crane v Genin,* 60 NY 127, 131 [1875]; *Larry Alvaro, Inc. v Chow,* 221 AD2d 752, 753 [1995]; *Hownor Assoc. v Washington Sq. Professional Bldg.,* 63 AD2d 573, 574 [1978]). Nonetheless, in opposition to Osborn's respective motions, Skyline, Oldcastle, MGC, M. Gottfried, R&J, Nationwide, Frank & Lindy, Solar, and Cardillo each raised a triable issue of fact regarding whether Osborn waived the contractual requirement that it must approve the extra work in writing (*see Joseph F. Egan, Inc. v City of New York,* 17 NY2d at 96; *Tridee Assoc. v New York City School Constr. Auth.,* 292 AD2d at 445; *CGM Constr. v Miller,* 263 AD2d 831, 832 [1999]; *La Rose v Backer,* 11 AD2d 314, 320 [1960], *affd* 11 NY2d 760 [1962]). Accordingly, the Supreme Court properly denied those branches of Osborn's motions which were for summary judgment dismissing so much of the lien foreclosure cross claims of Skyline, Oldcastle, MGC, M. Gottfried, R&J, Nationwide, Frank & Lindy, Solar, and Cardillo as was based on extra work it did not approve in writing. Spectrum, on the other hand, presented no evidence in this regard. Accordingly, the Supreme Court should have granted that branch of Osborn's motion which was for summary judgment dismissing so much of Spectrum's cause of action to foreclose its mechanic's lien as was based on extra work which was not approved in writing by Osborn.

Skyline's cross appeal must be dismissed because it is not aggrieved by the portion of the order cross-appealed from (*see* CPLR 5511; *Sirius Am. Ins. Co. v Vigo Constr. Corp.,* 48 AD3d 450, 451 [2008]). The mere fact that "the order appealed from contains language or reasoning that a party deems adverse to its interests does not furnish a basis for standing to take an appeal" (*Sirius Am. Ins. Co. v Vigo Constr. Corp.,* 48 AD3d at 451-452 [internal quotation marks omitted]; *see Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 472-473 [1986]).

Navillus did not file a notice of appeal. Accordingly, its contention that the Supreme Court erred in granting that branch of

Osborn's motion which was for summary judgment dismissing so much of its lien foreclosure cross claim as was based on extra work which was not approved in writing by Osborn is not properly before this Court.

Osborn's appeal from the fifteenth order entered January 9, 2008 must be dismissed as abandoned, as Osborn does not seek reversal of any portion of that order in its brief (*see Sirma v Beach*, 59 AD3d 611, 614 [2009]; *Bibas v Bibas*, 58 AD3d 586 [2009]).

The parties' remaining contentions are without merit. Spolzino, J.P., Angiolillo, Leventhal and Lott, JJ., concur.