Piterniak v Sokolik (2025 NY Slip Op 51158(U))

[*1]

Piterniak v Sokolik

2025 NY Slip Op 51158(U)

Decided on July 10, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 10, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : GRETCHEN WALSH, J.P., ELENA GOLDBERG-VELAZQUEZ, JOSEPH R. CONWAY, JJ

2024-310 W C

Robert Piterniak, Doing Business as Eastern Controls and Electrical Co., Appellant,
against
Adam Sokolik, Doing Business as Empire Energy Specialists, Inc. and Empire Win-Door, Respondents. 

Robert Piterniak d/b/a Eastern Controls and Electrical Co., appellant pro se.
Adam Sokolik d/b/a Empire Energy Specialist, Inc. and Empire Win-Door, respondents pro se.

Appeal from a judgment of the City Court of Yonkers, Westchester County (Karen T. Beltran, J.), entered February 14, 2024. The judgment, after a nonjury trial, dismissed plaintiff's cause of action and awarded defendant the principal sum of $5,000 on his counterclaim.

ORDERED that the judgment is affirmed, without costs.
In this commercial claims action, plaintiff, a subcontractor, sought to recover the principal sum of $3,650 that he was allegedly owed pursuant to a contract to install windows on a public works project that defendant, Adam Sokolik, as contractor, entered into with the Remsenburg-Speonk School District (the District). Defendant interposed a counterclaim seeking to recover the principal sum of $5,000, representing loss of interest on the money he was owed by the District but has not been paid due to plaintiff's failure to sign construction close-out documents.
At a nonjury trial in May, 2023, the testimony established that in or about September, 2019, defendant hired plaintiff as a subcontractor to install windows for a public works project, based upon a recommendation by the District and plaintiff's $3,650 proposal. No written contract was signed between plaintiff and defendant. Plaintiff provided defendant with a W-9 Federal Tax ID form and an insurance certificate prior to beginning the work. Plaintiff finished the work and sent defendant an invoice. Defendant prepared a check for $3,650 and, prior to turning it over, requested that plaintiff submit the close-out documents for public works projects which were required by the District in order for defendant to be paid by the District. These forms included a lien waiver and proof of compliance with Labor Law § 220-a. Plaintiff refused to [*2]complete the documents and demanded his money, stating (1) that he believed that he did not have to fill out the forms pursuant to Labor Law § 220-a because he was a sole proprietor with no employees and (2) that he would not sign a waiver and release until he was paid. Plaintiff did not respond to defendant's emails or a certified letter explaining that defendant was ready, willing and able to pay him as long as plaintiff filled out the necessary close-out documents. Defendant unsuccessfully offered to give plaintiff a certified bank check. Defendant stated that he had not received the $135,650 that he was owed from the District on this project and he sought interest on that money.
Following the trial, the City Court dismissed plaintiff's action and awarded defendant the principal sum of $5,000 on his counterclaim.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807-A [a]; see UCCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Labor Law § 220-a applies to contractors and subcontractors working on public works projects in New York State and requires that workers on these projects be paid at least the prevailing wage for their classification. The New York State Department of Labor enforces wage and hour laws, including the requirement for contractors and subcontractors to submit certified payroll records for public works projects to ensure compliance with wage laws. Where the Labor Law requires the inclusion of a provision for payment of the prevailing wage in a labor contract between a public agency and a contractor, a contractual obligation is created between the public agency and the contractor's employees and third-party beneficiaries to comply with the Labor Law (see Stennett v Moveway Transfer & Stor., Inc., 97 AD3d 655 [2012]). Here, plaintiff, as a subcontractor, violated statutorily mandated requirements which were necessary to close out a publicly funded works project (see Citnalta Constr. Corp. v New York City Health & Hosps. Corp., 258 AD2d 552 [1999]). As a result, defendant has been damaged in the amount of lost interest on the money that the District owes defendant but has not paid due to plaintiff's failure to comply with Labor Law § 220-a.
Moreover, it is common practice for a lien waiver to be issued before final payment is made, ensuring that the release only takes effect when payment clears (see Lopez v 157-161 E. 28th St., LLC, 209 AD3d 495 [2022]; Spectrum Painting Contrs., Inc. v Kreisler Borg Florman Gen. Constr. Co., Inc., 64 AD3d 565 [2009]; E-J Elec. Installation Co. v Brooklyn Historical Socy., 43 AD3d 642 [2007]; West End Interiors v Aim Constr. & Contr. Corp., 286 AD2d 250 [2001]; see also Penava Mechanical Corp. v Afgo Mechanical Services, Inc., 71 AD3d 493 [2010]). Here, standard practices and customs in the industry dictate that plaintiff's performance is not deemed complete until a lien waiver is signed (see Spectrum Painting Contrs., Inc. v Kreisler Borg Florman Gen. Constr. Co., Inc., 64 AD3d 565).
Plaintiff's remaining contentions lack merit.
In dismissing plaintiff's cause of action and awarding defendant the principal sum of $5,000 on his counterclaim, the judgment rendered substantial justice between the parties (see UCCA 1807-A [a]; 1804-A).
Accordingly, the judgment is affirmed.
WALSH, J.P. and GOLDBERG-VELAZQUEZ, J., concur.
CONWAY, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2025